## Case No. 232.

### ALLEN v. NEW YORK et al.

[17 Blatchf. 350; 5 Ban. & A. 57;[1] 17 O. G. 1281.]

Circuit Court, S. D. New York. Dec. 18, 1879.

PATENTS FOR INVENTIONS — INFRINGEMENT BY BOARD OF EDUCATION — LIABILITY OF CITY — PARTIES.

1. Reissued letters patent No. 21, granted to the complainant, for improvements in seats for public buildings, 15th January 1861, *held* valid.

2. Seats embodying a patented invention were bought by the board of education of the city of New York for the use of the schools of the

[1][Reported by Hon. Samuel Blatchford, Circuit Judge, and by Hubert A. Banning, Esq., and Henry Arden, Esq., and here compiled and reprinted by permission. The syllabus was taken from 5 Ban. & A. 57, and the statement and opinion, with the exceptions noted, from 17 Blatchf. 350.]

city, and were used in such schools, such board being a corporation created by the state, having exclusive charge of such schools: *Held,* that the city, in its corporate capacity, was liable, in a suit in equity, for the infringement of the patent.

[Cited in Brickill v. Mayor, etc., of City of New York, 7 Fed. 479; Munson v. Mayor, etc., of City of New York, 3 Fed. 339.]

3. The board of education is a proper party to the suit, and is also liable for the infringement.

In equity. This was a suit in equity [by Aaron H. Allen against the mayor, aldermen, and commonalty of the city of New York and the board of education of the city of New York for infringement of] re-issued letters patent [No. 1,126 of patent No. 12,017,] granted to the plaintiff for "improvements in seats for public buildings." [Decree for complainant.]

Andrew J. Todd, for plaintiff.

Frederic H. Betts, for defendants.

WHEELER, District Judge. This suit is brought upon reissued letters patent No. 21,[1] granted to the orator, for "improvements in seats for public buildings," on the 15th day of January 1861, for the term of fourteen years from December 5th, 1854, and extended for the term of seven years from the 5th day of December, 1868, to the date of its expiration. The defences are that the parent is void because the reissue is for a different invention from that covered by the original; that the invention was anticipated by a stove-door, a carriage-seat for a child, an opera-board to a carriage, and a description in a patent to one Eliaers, dated November 28th, 1854; and that the city of New York is not liable for any infringement shown. Other defences were set up in the answer, but have not been relied upon at the hearing. The improvement described in the patent consists in making the seats so they may be turned up out of the way when not in use. In the original patent, they were to be turned up by weights when not held down by being sat upon. In the reissue, the weights may be dispensed with, and the seats moved upward otherwise, or retained. It is argued that, so far as they are dispensed with, one element of a combination is removed, and a different invention produced. This, if well founded, might be fatal to the patent; but the weights have nothing to do with the capability of the seats for being turned up out of the way. They were means only for putting them out of the way. They were one part of the invention when arranged for that purpose; the construction of the seats was another. The reissue divided the invention into its two parts. When divided, the parts together were the same as the whole before, and separately were the same as the parts were before. The contrivances, relied upon as anticipations, each turn down to a horizontal position when so wanted, and are stopped and held there substantially as these seats are, and are likewise turned up out of the way when not so wanted; and, if the use made by the orator is merely a new use, they are clearly anticipations; but it seems quite clear that it is not. The stove-door was arranged with the front of a stove or furnace, the child's seat with the dash-board of a carriage and the opera-board with the rear of a carriage. These seats are arranged with the standards of seats in public halls, and are so described as arranged. Those other things could not be arranged as seats in such halls without contriving the alterations and additions necessary by the exercise of inventive faculties. They are not the same things, but are different. Although the patent to Eliaers is prior in date to this, the application for this is prior to that, and shows this invention prior to the description of it there. He did not have a patent for this invention, so there was no patent, as such, for the orator to overcome. The evidence furnished by the description was all that was to be met, and the prior application accomplishes that object.[2]

The proof in respect to infringement is to the effect, that seats embodying this invention were bought by the board of education of the city of New York for the use of the schools of the city, and have been in use in those schools under the direction of the board of education, and the department of public instruction which has superseded the board of education. It is argued. that, upon this proof, the city is not liable in this suit, for two reasons—one is, because these instrumentalities having charge of the schools are corporations themselves, over which the city has no control; the other is, that the use is under sovereign authority, delegated by the state of New York in its sovereign capacity, for which the city or the board of education, or the department of public instruction, can no more be held liable to suit than the state itself. It is understood that the board of education was, and that the department of public instruction is, a corporation under the laws of the state, recognized and treated as such by the courts of the state, and having exclusive charge and control of the schools of the city, without whose action the city cannot be made liable for anything connected with the schools, and for whose contracts the city cannot be held liable otherwise than through proceedings against them. Ham v. Mayor, etc., of New York, 70 N. Y. 459; Dannat v. Mayor, etc., of New York, 6 Hun, 88. But still, the schools are the schools of the city, the board of education or department of public instruction takes charge of them for the city, they are paid for with the money of the city, and whatever is saved in providing for them is to the advantage of the city. The corporation which that department or board constitutes is within that

---

[1] [Should be No. 1,126.]

[2] [From 5 Ban. & A. 58.]

of the city, and is an instrumentality through which the educational interests of the city are cared for, the same as if done by officers having the same powers, except that the officers could have only a personal and official period of existence, while that of the corporation is, under the law, theoretically perpetual. One principal ground of a suit in equity for the infringement of a patent is, to compel an account of the gains or profits accrued to those proceeded against, by means of the infringement. Obviously, the proper party to proceed against is the one that has received the profits or to whom the gains have accrued. If any party has saved or made anything by this infringement it is the city, and the city seems clearly to be a proper party to account for these savings or profits. The board and department are proper parties, also, for they have been directly engaged in the infringement. It is argued, that the city, as such, could not stop the infringement nor control it, and, therefore, could not be guilty of any tort by which to acquire profits to account for. Probably, the city could not, independently of this board or department, stop the infringement; but that is on account of the mode in which the law requires the educational matters of the city to be attended to, and not because the city has any just right to advantages which the wrongful acts of its board or department may acquire. Officers might be able to do the same, but, if so, the city would not be shielded.

That the acts constituting the infringement were committed in the exercise of authority derived from the state, cannot shield the defendants from liability. The grant of the exclusive right to this invention came from the sovereign power of the general government, and the right is a species of property secured to the inventor by law. It is not subservient to public uses without just compensation ascertained and furnished, upon being taken in a regular and lawful mode, any more than other property of any kind is. It has not been taken by any regular proceeding, but only by mere wrong doing, which could, of itself, furnish no legal right. Cammeyer v. Newton, 94 U. S. 225, 234.

Let a decree be entered, that the patent is valid and that the defendants have infringed, and for an account, according to the prayer of the bill.

[NOTE. For opinion, on the hearing of plaintiff's motion, to take from the file an answer subsequently filed in this case by a new board of education, see Allen v. Mayor, etc., of City of New York, 7 Fed. 483. Patent No. 12,017 was granted December 5, 1854, to A. H. Allen, and reissued January 15, 1861, No. 1,126. For other cases involving this patent or the reissue, see Allen v. City of Brooklyn, Case No. 218; Hayward v. Andrews, 12 Fed. 786; Same v. City of St. Louis, 11 Fed. 427.]