GORDON and others *v.* ST. PAUL HARVESTER WORKS and another.[1]

*(Circuit Court, D. Minnesota.    March, 1885.)*

1. EQUITY PRACTICE—HEARING ON DEMURRER AND PLEA—RULE-DAY.
    Complainants filed their bill November 10, 1884, and on January 3, 1885, one of the defendants filed a demurrer, and the other defendant filed a plea to part of the bill and an answer to the residue, the December term of court not having adjourned. On January 21st complainant had the demurrer and plea set down for argument on rule-day, and served written notice on defendants. *Held,* that the demurrer and plea could be disposed of on the rule-day.

2. PATENTS—INFRINGEMENT—ASSIGNMENT BY INFRINGER FOR BENEFIT OF CREDITORS—STATE INSOLVENT LAW—MULTIFARIOUSNESS.
    A bill averring the infringement of a patent by a corporation and its assignee under a state insolvent law, and that such assignee is about to distribute the assets of the insolvent corporation among its creditors without regard to the rights of complainant, and praying for an injunction, and for a decree to account for and pay over all such gains and profits as have accrued or arisen from the sale and use of complainant's patent. is not multifarious.

3. SAME—JURISDICTION OF CIRCUIT COURT.
    Such a suit is properly brought in the United States circuit court.

In Equity.
*Geo. D. Emery,* for complainants.
*H. J. Horn,* for defendants.
NELSON, J. The complainants filed their bill on November 10, 1884, against the St. Paul Harvester Works, a corporation duly organized under the laws of the state of Minnesota, and Lyman D. Hodge, charging infringement of certain letters patent, and praying relief. On January 3, 1885, the corporation filed a demurrer to the bill, and the defendant Hodge filed a plea to part and an answer to the residue. On January 21st the complainant's solicitor requested the clerk to enter an order setting down the demurrer and plea for argument on the rule-day, February 2, 1885, and gave defendants' solicitor written notice that the plea and demurrer had been set down for argument, and would be brought on therefor at the rule-day, to-wit, February 2d, at the opening of court on that day, or as soon as counsel could be heard. At the time of the hearing the solicitor of the defendants objected, and urged that the argument could not be heard until the next June term of the court. This objection is not sustained. The plain implication of the equity rules is that pleas and demurrers may be disposed of at rule-day; but there is another reason why the objection is not well taken. The December term had not adjourned at the time the demurrer and plea was filed, and at the time the notice of argument was served upon the defendant's solicitor the suit was pending in court on the docket under equity rule 16,

---

[1] Reported by Robertson Howard, Esq., of the St. Paul bar.

and the sufficiency of the plea and demurrer could be called up and tested without formal notice, in term, in presence of counsel, or by proper notice in his absence.

In the argument, counsel fully presented their views, and I will now dispose of the plea and demurrer.

And, *first*, upon the demurrer. The bill alleges that the complainants are sole owners of letters patent for a new and useful improvement in grain binders for the district of Minnesota and the entire territory of the United States, except the state of Michigan, and that the improvements have been extensively applied to practical use; and further alleges that by virtue of certain assignments of certain interests and rights in and to letters patent, the entire right, title, and interest in and to the inventions described in the letters patent, naming them, were secured to your orators. And the bill charges infringement, prior to the commencement of this suit by the defendant harvester works, of the patents owned by complainants; and it is further alleged that the said defendant harvester works, on or about May 31, 1884, assigned and transferred to the defendant Hodge all its property and assets in trust, and for the benefit of its creditors, but how much and of what value is unknown, and prays a discovery thereof, and charges that since the assignment aforesaid the said Hodge has continued the business of said St. Paul Harvester Works, and has made and sold a large number of binding-machines embodying the patented improvements aforesaid, and thereby infringed upon the exclusive rights of the complainants; and that the said Hodge, as assignee, threatens and is about to distribute to the creditors of the St. Paul Harvester Works the moneys realized by him from the property and assets aforesaid, without regard to the rights and claims of your orators against the said St. Paul Harvester Works, unless restrained by the injunctional order of this court. There is an allegation that the improvements described in the several letters patent are so nearly allied in character as to be capable of joint as well as several use in grain-binding machines, and that the said inventions, or substantial and material parts described in the said letters patent, have been and are used conjointly by the said defendants, etc.

A writ of injunction is prayed for, and a prayer for a decree to account for and pay over all such gains and profits as have accrued or arisen to, or been earned or received by, said defendants from the unlawful use of said inventions, and from the infringement thereof as aforesaid, and to pay the damages sustained, etc. Copies of the several letters patent are attached to and made a part of the bill. The demurrer is interposed for the reason, as alleged, that the bill is exhibited against the defendants for several and distinct matters and causes which have no relation to each other, in which, or in the greater part thereof, it is urged that the defendant the St. Paul Harvester Works is not in any way interested or concerned, and ought not to be

implicated, and that the matters and alleged causes of action pleaded against Hodge are distinct from the alleged cause of action pleaded against the defendant the St. Paul Harvester Works, and ought not to have been joined together in one bill; that the bill is multifarious.

The rule invoked by the counsel for the defendant, that two or more distinct subjects cannot be embraced in the same bill, has no application to this case. The pleadings show that there is a privity of connection between the corporation and Hodge in reference to the object of the action and the subject-matter thereof. Hodge is the assignee by voluntary assignment for the benefit of creditors. He is a trustee required to execute the trust created by the corporation; and if any property or effects remain after its fulfillment, he must turn it over to the *cestui que trust*. He is alleged to be in possession of all the assets and moneys of the defendant the St. Paul Harvester Works by a voluntary transfer, which moneys, or a portion thereof, the bill charges were gains and profits derived from the infringement of the complainants' improvements designated in the letters patent. If in equity, as is the settled doctrine, an infringer is treated as a trustee of the patentee of the gains derived by him from the infringement, (1 Ban. & A. Pat. Cas. 485,) and is held accountable accordingly, certainly an assignee of such gains in trust for creditors is a proper party for the purpose of obtaining a just account of these profits. He is a necessary party, upon the same principle as an agent who represents his principal and manages his business. How far and to what extent the funds alleged to be in his hands would be affected if the complainants should obtain a decree is not involved on this hearing. The bill is not open to the criticism suggested by the demurrer, and the same is overruled.

*Secondly.* The defendant Hodge files a plea to part of the bill, and claims that he cannot be compelled to render account for any such gains or profits as may have been earned by the alleged infringement of complainants' rights by the St. Paul Harvester Works prior to the assignment to him; and he urges that such voluntary assignment to him, in trust for creditors, is in law a bar to all relief claimed in the bill by the owners of the alleged infringed letters patent. The implication of the plea is that his conduct as trustee under the assignment, and the management of the property in his possession, is to be regulated exclusively by the laws of the state of Minnesota, and that he is responsible to the district court of Ramsey county for the faithful discharge of his duties, and therefore any claim which the complainants may have for infringement of letters patent must be presented to the assignee, and if the infringement is disputed by him, settled and adjudged by the state court. I do not agree to this proposition. If the defendants confess the allegations and charges of the bill, and the amount of alleged damages, it may be that the only method of enforcement of the complainants' claim against the insolvent corporation, or at least the quickest way of sat-

isfying the decree, would be to file the claim as settled, and participate in the funds; but as the defendants do not confess the infringement, or any of the matters alleged in the bill, to be true, except as stated in the plea, the complainants can litigate their rights in this court, and the fact of an assignment made by the insolvent corporation to the defendant Hodge is no bar to the prosecution of their suit.

I do not see how the insolvent law of the state of Minnesota can affect the proceeding to enforce the rights of a patentee against an infringer. If the defendants will admit the charge of infringement, and permit a decree to be entered settling the amount of the complainants' claim, there would be some force in the suggestion that the complainants must apply for payment under the laws of the state of Minnesota regulating assignments for the benefit of creditors. It is true that the complainants, if they were so disposed, could present their claim to the assignee and abide by his decision; but they are not compelled to do so, and no state law can deprive the complainants of the right to litigate disputed infringements of letters patent in this court.

This is not an action involving contract rights between the parties thereto, but is a case arising under the patent-right laws of the United States, and the jurisdiction vested in the courts of the United States is exclusive of the courts of the state. Rev. St. § 711, p. 135.

The plea is overruled.