## AMERICAN BELL TELEPHONE Co. *v.* ALBRIGHT.

*(Circuit Court, D. New Jersey.* September 30, 1887.)

1. PATENTS FOR INVENTIONS—INFRINGEMENT—JOINT INFRINGERS.
   Under a lease made by the P. Telephone Company to defendant and G., G. put up several telephone instruments made by the P. Telephone Company which infringe complainant's patent. Defendant became a party to the lease merely for the accommodation of G., who could not, alone, obtain it from the company, and allowed G. to transact all the business and to have all the benefits of the lease. Defendant had acknowledged in the present suit that the lease is binding upon him. *Held,* that the infringement is the joint tort of defendant and G. for which defendant is responsible equally with G.

2. JUDGMENT—SATISFACTION—PROOF OF.
   Defendant and G. were sued separately for the same infringement of complainant's patent, and in the suit against G. complainant obtained a decree for an injunction and account, and waived the account and took a decree for nominal damages of one dollar, and costs to be taxed. The costs were taxed at $293.69. G. testified that he sent one dollar to complainant's attorneys in a registered letter in settlement of the damages and received a return card acknowledging receipt of the registered letter. He did not give a copy or state the contents of the letter, and no answer appeared to have been returned. *Held,* insufficient to show satisfaction for the infringement.

3. SAME—JOINT TRESPASSER—BAR OF RECOVERY.
   A judgment against one joint trespasser or wrong-doer, without satisfaction, is no bar to a recovery against the others.

*Henry G. Atwater,* for complainant.
*J. C. Clayton,* for defendant.

BRADLEY, Justice. This is a bill in equity, alleging infringement of Bell's patents for telephone instruments, and praying for an injunction, damages, and profits. A decree for injunction and account was entered March 23, 1883. The master reported that the defendant put in use 48 instruments in the city of Newark, and that the established license fee of the complainant was $10 a piece, and on this basis reported damages at $480. The defendant has filed exceptions, and claims: (1) That he is liable for only four of these instruments; (2) that he has been released from the damages for the use of these, by complainant's obtaining recovery and satisfaction from one John J. Ghegan, who put up the instruments. The facts in proof will explain the pertinency of these exceptions. All the 48 instruments put up were made by the People's Telephone & Telegraph Company of New York, and were furnished to John J. Ghegan, and put up by him for different parties under a contract of lease and license, made April 25, 1882, by said company, to and with said Ghegan and the defendant, Albright, whereby it was recited that the People's Telephone Company (of the first part) owned letters patent, granted to George M. Hopkins August 17, 1880, and sundry other inventions in telephony, and desired to extend their use; and that Ghegan & Albright (of the second part) desired to obtain the use of the same; and it was, among other things, agreed that until the expiration of the patent the People's Company should deliver telephone instruments to Ghegan & Albright, as needed, to be used in the territory of New Jersey,

and would not license to others within said territory; and that the lessees should pay a rental of six dollars per annum for each instrument delivered, until returned or destroyed, and 25 per cent. of all profits realized; and that the lessors should protect the lessees against all suits for infringement of other patents.

It appears that four of the instruments were put up for the use of Albright, on his premises, and the other 44 for the use of other persons. The defendant and Ghegan testify that Albright entered into the arrangement with the People's Telephone Company merely for the accommodation of Ghegan, (whose business was to put up telephones,) as the company would not give the lease to Ghegan alone; and that Albright took no part in the business. The People's Telephone Company, however, looked to both parties, and charged both with the instruments delivered to Ghegan. It also appears that the complainant filed a bill against Ghegan for infringement, shortly before the bill in the present case was filed against Albright, and that Albright applied to the People's Company to take care of the suit against Ghegan, and procured from them a fee for counsel. When the present suit was commenced, Albright again applied to the People's Company to defend this suit in conformity with the contract. And as late as March, 1884, he filed a petition for a rehearing in the present case, verified by his affidavit, in which, among other things, he stated as follows:

"Your petitioner further shows that before and ever since the beginning of this suit he was under a contract with the People's Telephone and Telegraph Company, whereby, among other things, he and one John J. Ghegan were licensees for the state of New Jersey, for the use of telephones made under letters patent controlled by said company, and whereby the said company was to guaranty and defend your petitioner against all suits for infringement. That your petitioner duly notified said last-named company of this suit against him, and called upon said company to defend him, and that they refused to do so."

—And this refusal was one ground on which he sought a rehearing of the case. This is a clear acknowledgment by Albright that the contract with the People's Company was in full force, and binding on him as well as on Ghegan. All the offending machines were put up under this contract, and in pursuance of it, and would not have been put up without it, so that it may be justly said that Albright, as a party to this contract, joined in inducing and bringing about the infringement complained of. Although Albright chose to let Ghegan have all the benefits of the contract, he was equally responsible with him for the consequences of putting up the instruments, equally responsible to the People's Telephone Company, and equally responsible to the complainant, whose patents were infringed. He must be deemed to have joined Ghegan in putting them into use, to have aided and abetted in the act. The infringement of the complainant's patents was, therefore, a joint tort of Ghegan and the defendant.

But the defendant raised another point of defense. The complainants sued Ghegan and Albright separately, (which they had a right to

do,) and it is alleged that a recovery was had against Ghegan, and that the decree was satisfied by him; and it is claimed that this is a bar to any recovery of damages against the defendant Albright. The facts are that a decree was rendered against Ghegan for an injunction and an account. A few days afterwards the complainant waived the account, and took a decree for nominal damages of one dollar against Ghegan, together with costs to be taxed. The costs were taxed at $293.67. Ghegan testifies that on the twenty-fifth of February, 1885, he sent one dollar to the complainant's attorneys, in a registered letter, in settlement of the damages referred to in the decree against himself, and that he received a return card in due course of mails, acknowledging the receipt of the registered letter. He does not give a copy, or state the contents, of the letter sent by himself, and no answer appears to have been returned by the attorneys. This is all the proof contained in the record of satisfaction of the decree against Ghegan. I think it is entirely insufficient. The decree was for damages and costs, and amounted to nearly $300, and the payment of one dollar could not be a satisfaction of $300, even if the attorneys of the complainant accepted it as such, unless a release were given. The proof that the one dollar sent by mail was accepted and received by the attorneys, in full satisfaction of the damages, as distinguished from the costs, if competent at all, should have been clear and explicit, which it is not.

By the English rule a mere judgment against one joint trespasser or wrong-doer is a bar to a recovery against the others. In this country there must be both recovery and satisfaction. Bigelow, Estop. 103–113; Add. Torts, (4th Ed.) 1158. Whether the satisfaction of a judgment taken for mere nominal damages, upon a distinct waiver of actual damages, would be regarded as a full satisfaction for the tort, sufficient to bar a recovery against a joint wrong-doer, is questionable. A waiver of damages against one wrong-doer can hardly be regarded as satisfaction for the wrong done. Suppose the decree taken against Ghegan had been simply for a perpetual injunction, without any mention of damages or profits, would that have been a bar to a recovery against Albright? I hardly think it could be. However, it is unnecessary to decide this point. I do not think that there is sufficient proof of satisfaction in the present case to create an estoppel under the American rule.

My conclusion is that the defendant Albright was jointly liable with Ghegan to the complainant for all the instruments put up for use under the joint lease to him and Ghegan; and that the exceptions to the report must be overruled, and the report confirmed; and that a final decree should be entered for the complainant in conformity with the report, and for a perpetual injunction, etc.