CITY OF AKRON v. BONE.

(Circuit Court of Appeals, Sixth Circuit. March 2, 1915. On Application for Rehearing, April 16, 1915.)

No. 2562.

1. PATENTS ⬅328—VALIDITY AND INFRINGEMENT—RETAINING WALL.

The Bone patent, No. 705,732, for a reinforced concrete retaining wall, consisting of a comparatively thin vertical wall, broadened at the base into a heel and toe, the heel extending back for a considerable distance under the earth bank to be retained, discloses invention, and is valid; also *held* infringed.

2. MUNICIPAL CORPORATIONS ⬅753 — TORTS — INFRINGEMENT OF PATENT — ACTS ULTRA VIRES.

A suit for infringement of a patent is based on tort, and the fact that officers of a city, acting within their authority in constructing a public improvement, violate a statutory restriction, by specifying and using a patented structure without having obtained the right from the patentee, does not relieve the city from liability for the infringement.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1584, 1586; Dec. Dig. ⬅753.]

On Application for Rehearing.

3. APPEAL AND ERROR ⬅1178—DISPOSITION OF CAUSE—DIRECTING REHEARING IN LOWER COURT.

A Circuit Court of Appeals, which has decided an appeal in equity, will not direct a reopening of the case by the District Court to admit further

evidence, when no reason is shown why it could not have been produced on the original hearing, unless such new evidence is of so important a character as to clearly make it appear that the decision was erroneous.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4604–4620; Dec. Dig. ☞1178.]

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Ohio; William L. Day, Judge.

Suit in equity by Frank A. Bone against the City of Akron. Decree for complainant, and defendant appeals. Affirmed.

J. B. Connolly, of Washington, D. C., and Jonathan Taylor, City Sol., of Akron, Ohio, for appellant.

George B. Parkinson, O. W. Sharman, and Arthur H. Ewald, all of Cincinnati, Ohio, for appellee.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

DENISON, Circuit Judge. [1] The city of Akron appeals from the usual interlocutory decree of infringement against it, based upon patent No. 705,732, of July 29, 1902, issued to Frank A. Bone, for a reinforced concrete retaining wall. It consists of a comparatively thin vertical wall, broadening at the base into a heel and toe. The heel extends back a considerable distance underneath the earth bank to be retained, and, accordingly, so long as the entire wall structure remains unitary, the weight of the earth bank resting on the heel operates to prevent the wall from tipping over forward, and thus the same body which exerts a horizontal forward pressure, especially on the upper part of the wall, is caused to resist that pressure by its own weight. To prevent breaking of the wall by the lateral strain, Bone provided continuous reinforcing in a vertical plane, extending up and down the wall and obliquely into the heel. This gave tensile strength and adapted it to resist the greatest strain. A preferred form is described in the third claim as follows:

"The combination with a retaining wall having an inclined heel of a metal structure imbedded within said wall and heel, consisting of upright bents at the back part of the vertical wall and continuing down along the upper part of the heel of said wall to the back part thereof, in such a manner that the weight of the retained material upon the heel of the metal structure will operate to maintain the wall in the vertical position."

The claims in suit are Nos. 1, 2, 3, 5, 16, and 17.

In the present more or less familiar state of the reinforced concrete art, the impression is natural that there cannot be patentability in the structure of these claims; but the patent was issued upon an application filed in 1899, which was a renewal of an application in 1898, and Mr. Bone's idea is shown to have antedated his application. We are thus carried back nearly 20 years. The record discloses nothing anticipating the substantial thought of the patent. Masonry or concrete retaining walls were deep and heavy, and maintained by gravity in their resistance against a horizontal stress. There was no occasion for reinforcement. Sustaining walls had been built of concrete with

vertical reinforcement; but they were maintained against side strain by cross-ties or beams, without which they might tip over. If the prior art had shown a structure intended for a retaining wall, and having a heel such that the weight of the earth thereon would tend to keep the wall erect, it might be difficult to find invention in merely adding the form of reinforcement most suitable to create the desired tensile strength; but we find no such earlier structures. Those which have that shape are sustaining walls only, and were so obviously unfit for use as retaining walls that no one seems to have seen the utility for that purpose, of which the form, when properly adapted and strengthened, was capable. There is also a prior wall, wholly of metal, fairly disclosing a unitary heel adapted to hold the wall erect; but to see that this could become merely a skeleton imbedded in concrete may well have required, in 1898, more than ordinary vision. Upon the whole, we think invention was involved, and the claims are valid. Expanded Metal Co. v. Bradford, 214 U. S. 366, 381, 29 Sup. Ct. 652, 53 L. Ed. 1034; Ferro-Concrete Co. v. Concrete Steel Co. (C. C. A. 6) 206 Fed. 666, 124 C. C. A. 466. And see our comments in Faultless Co. v. Star Co., 202 Fed. 927, 121 C. C. A. 285, upon the Rubber Tire Case, 220 U. S. 428, 31 Sup. Ct. 444, 55 L. Ed. 527, in which the opinion of this court in 116 Fed. 363, 53 C. C. A. 583, was disapproved.

The claims in suit cannot be limited to the form of "metal structure" shown in the drawing. With the view which we have indicated as to what the patentee accomplished, they do not require that limitation, and it cannot be given to them and preserve the distinctions between these claims and some of those not sued upon.

Infringement is clear enough. The city advertised for bids for a retaining wall, and furnished two sets of specifications, one of which was marked as embodying the "Bone patent" system, and which plainly did embody the use of these claims, and the other of which was upon the gravity plan. The contract was let on the former specifications, and the wall was constructed thereunder. The only thing which throws doubt on the prima facie case of infringement thus made out is the testimony that the specifications were departed from in some particulars; but, if this departure was material, the burden was upon the city to show its extent, and this the city did not do.

[2] It is said that the Ohio laws forbid a city to let a contract which involves the use of a patent, excepting upon conditions which were not followed here (Hastings v. Columbus, 42 Ohio St. 585), and that, accordingly, the agents of the city are personally liable, and the city is exempt. We cannot accept this conclusion. The action of infringement rests on tort, not on contract, and the position of the defendant seems to be that a city is not liable for a tort, unless the tort is lawfully committed. Such a description of a tort is difficult to apply. To deny an infringement injunction against a city is to say that, because the city has wrongfully taken plaintiff's property, it may continue to keep it and use it. The liability of a municipal corporation for infringement has been recognized in this court (Warren v. Owosso, 166 Fed. 309, 92 C. C. A. 227; Grand Rapids v. Warren, 196 Fed. 892, 116 C. C. A. 454), as well as by the Supreme Court (Elizabeth v.

Pavement Co., 97 U. S. 126, 24 L. Ed. 1000), and has been expressly upheld in this circuit (May v. Logan Co. [C. C.] 30 Fed. 250, per Jackson, C. J.).

Under the familiar rules concerning torts by agents of municipalities, it would seem that if the agents, in adopting the infringement, went outside the scope of their duty, and if the city itself did not continue the infringement after notice of what the agents had done, there might be no liability for damages; but this is not such a case. The municipal officers who built this wall had clear authority to obtain the use of the patent, by following a prescribed method. In appropriating the patent without permission, they were acting within the scope of their duties, though in violation of specific restrictions, and the city is liable in damages for their tort.

The decree is affirmed, with costs.

## On Application for Rehearing.

PER CURIAM. [3] We are asked to direct the court below to open the case to permit the defendant to put in proof regarding a German publication of 1894. No satisfactory excuse is offered for not producing this proof in due time, and the defendant—which infringed, not ignorantly, or on advice of counsel, but under circumstances indicating a deliberate appropriation of the invention without claim of right—is in no position to ask extraordinary leniency. There may well be cases where, even under such conditions, the new proof makes the court's error so clear that the case should be reopened; but this is not such a case. While the new reference (if it passed the limits of mere suggestion or unsuccessful experiment) would be distinctly pertinent upon the issue of invention, and if properly proved in another case should receive careful consideration, it is not so demonstrative of error in the result already reached as to require its reception.

The motion for rehearing has been considered also in its other aspects, and is denied.