### BONE v. COMMISSIONERS OF MARION COUNTY.

(Circuit Court of Appeals, Seventh Circuit. October 2, 1917. Rehearing Denied December 17, 1917.)

No. 2459.

PATENTS ☞328—VALIDITY AND INFRINGEMENT—RETAINING WALL.

The Bone patent, No. 705,732, for a retaining wall of the cantilever type of reinforced concrete, conceding that it discloses invention, does so only by reason of the location of the reinforcement, and, as so construed, *held* not infringed.

Appeal from the District Court of the United States for the District of Indiana.

Suit in equity by Frank A. Bone against the Commissioners of Marion County. Decree for defendants dismissing the bill, and complainant appeals. Affirmed.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Certiorari granted by Supreme Court, 246 U. S. 660, 38 Sup. Ct. 333, 62 L. Ed. ——.

Clarence E. Mehlhope, of Chicago, Ill., and Arthur H. Ewald, of Cincinnati, Ohio, for appellant.

V. H. Lockwood, of Indianapolis, Ind., for appellees.

Before ALSCHULER and EVANS, Circuit Judges, and LANDIS, District Judge.

EVANS, Circuit Judge. Plaintiff sought damages and an injunction to prevent future infringement of patent No. 705,732, issued July 29, 1902, upon application filed April 21, 1899. The bill was dismissed upon a finding of no infringement.

The patent under consideration relates to a retaining wall of the cantilever type, and is described by the patentee as follows:

"My invention relates to improvements in retaining walls for abutments of bridges, seawalls, banks of streams, embankments, cuts, dams, dry docks, and such places as it is desired to retain earth or other matter permanently in place with its face at an angle nearer vertical than it would naturally repose when exposed to the action of the elements or gravity. * * * The said invention consists principally of introducing into masonry of concrete, stone, or brick a framework of steel or iron in such a way that the whole wall is so much strengthened thereby that the volume of the masonry may be greatly reduced, and yet the height, base, and strength against overturning, bulging, or settling will still be ample."

Again he says:

"I am aware that retaining walls have been constructed of concrete and steel, but none to my knowledge (1) have been supported on their own base as mine; (2) nor have any of them entirely inclosed the steel within the concrete; (3) nor have any of them used the weight of the material retained as a force to retain itself."

Claims 1, 3, 5, 16, and 17 are involved in the present suit. Claims 1 and 16, which are typical, read as follows:

"1. The combination, with a retaining wall having a heel, of a metal structure imbedded vertically in said wall and obliquely in said heel, so that the weight of the retained material upon the heel of the metal structure will operate to retain the wall in vertical position."

"16. The combination, with a retaining wall having a heel and a toe at opposite sides thereof, said toe having an independent metal structure imbedded therein, of a metal structure imbedded within said wall and heel, said structure consisting of upright bents at the back part of the vertical wall and continuing down along the upper part of the heel of said wall to the back part thereof, so that the weight of the retained material upon the heel of the metal structure will operate to maintain the wall in a vertical position."

Defendant maintains: (a) That the patent is anticipated by the prior art; (b) if not so anticipated, the claims must be so restricted and construed as to support the finding made by the trial judge that there was no infringement.

The following drawings represent the plaintiff's wall, defendant's wall, and the prior art:

These figures admirably picture the state of the prior art. As early as 1869, a patent was issued to Francois Coignet, No. 88,457, covering the principle of reinforced concrete, which was for the avowed purpose of "giving greater cohesive strength," so that "the walls or size of the articles may be considerably reduced." From that date to the date of the application for a patent by Bone, various retaining walls have been designed and constructed. The Bauzeitung wall, appearing in 1894, was of the cantilever type, with the heel and toe feature found in the Bone patent. Two articles written by Planat appeared in the scientific magazine "La Construction Moderne," a Paris publi-

cation, in 1894 and 1896. Both deal with retaining walls of reinforced concrete of the cantilever type. We quote from the article appearing in 1896:

"These computations suppose that one has effectively realized the fixing of the vertical wall to the horizontal slab at their junction. This fixing requires special precautions. The bars at the point of junction exert a pulling force, which tends to pull them out of the concrete. * * * But here we have only a half beam on a cantilever span.. It is necessary that the extremities of the bars in the region of fixation should be held in a sufficient mass of concrete or maintained by some other means. One is able to reduce these projections in a very large measure, if one takes care to bind together the vertical bars and the horizontal bars at their point of intersection. In this way the pull of the bar is carried, not only on its prolongation, arranged for anchorage, but also on the bar which is perpendicular to it, and whose great length permits it to offer a large resistance to the force tending to pull it out transversely."

On July 25, 1899, upon application filed March 25, 1897, a patent, No. 629,477, was issued to Stowell & Cunningham, covering a retaining wall illustrated above. Further reference to the prior art seems hardly necessary. Planat, as well as Bauzeitung, and Stowell & Cunningham, each disclosed a wall with a heel in the base, while the toe appears in at least four previous types illustrated by the drawings. It likewise clearly appears that the entire inclosure of steel by the concrete was not original with Bone.

If there be any patentable novelty disclosed by Bone's wall, it is by reason of the location of the reinforcement. In fact, this seemed to be the patentee's own idea of the novelty, for he says:

"The said invention consists *principally* of introducing into masonry of concrete * * * a framework of steel or iron *in such a way that the whole wall* is so much strengthened thereby that the volume of the masonry may be greatly reduced, and yet the * * * strength * * * will still be ample."

It is not necessary to decide whether the location of the reinforcement in the concrete in order to give greater strength in 1899 evidenced patentable novelty when applied to retaining walls, for if the claims in this patent are so restricted and limited, it is obvious that defendant's wall did not infringe in this respect.

Our attention is called to the fact that this patent was sustained in the case of Bone v. City of Akron, 221 Fed. 944, 137 C. C. A. 514. An examination of the decision in that case shows that evidence of the prior art was not introduced; otherwise a different conclusion would have been reached. The court said:

"If the prior art had shown a structure intended for a retaining wall, and having a heel such that the weight of the earth thereon would tend to keep the wall erect, it might be difficult to find invention in merely adding the form of reinforcement most suitable to create the desired tensile strength; but we find no such earlier structures. Those which have that shape are sustaining walls only, and were so obviously unfit for use as retaining walls that no one seems to have seen the utility for that purpose, of which the form, when properly adapted and strengthened, was capable."

The learned District Judge who tried this case in the court below aptly distinguished the facts in the present case from those disclosed in the opinion above quoted. He said:

"So the court did not have before it the evidence, either on the petition for rehearing or on the original hearing, that this court has on the state of the prior art." "He [Bone] was not the first person to reinforce a retaining wall; he was not the first person to conceive the idea of reinforced retaining wall which was so shaped and constructed that the weight of the earth on the heel of the wall would withstand the pressure of the dirt or the earth on the wall. He was not the first to do it. * * * Now it may be that, on the record before Judge Day, Bone was the first person to do that. So far as the record in this case is concerned, the absolute converse of that proposition has been demonstrated."

With the claims restricted to a matter of location of the reinforcement (the validity of which we need not decide), there is no infringement.

The decree is affirmed.