RELIANCE CONST. CO. et al. v. HASSAM PAVING CO. et al.

(Circuit Court of Appeals, Ninth Circuit. January 7, 1918.)

No. 3026.

1. PATENTS ☞319(1)—INFRINGEMENT—MEASURE OF DAMAGES.
    Where the owner of a patented process granted exclusive licenses within designated territories to auxiliary companies, who exploited and used the process therein, the royalty charged such companies is not a fair measure of the damages for which an infringer is liable.

2. PATENTS ☞287—INFRINGEMENT—LIABILITY OF MUNICIPAL CORPORATION.
    A municipal corporation, which contracted for the laying of pavement on its streets by an infringing process, is liable jointly with the contractor for damages for the infringement.

3. PATENTS ☞324(1)—SUIT FOR INFRINGEMENT—APPEAL—ACCOUNTING—NOTICE OF HEARING.
    A city, against which, with other defendants, a decree for infringement was rendered, which stipulated with respect to and had actual notice of the hearing before the master, at which its officers appeared and testified, was not prejudiced by the failure to serve formal notice upon it at the time of the hearing, and where it made no objection before the master, or in the court below, cannot raise the objection of want of notice for the first time in the appellate court.

4. PATENTS ☞287—INFRINGEMENT—LIABILITY OF SURETY FOR INFRINGER.
    A surety company, which in aid of an infringing paving contractor executed a bond to indemnify the city, for which the pavement was to be laid, against liability for infringement, thereby became a party to the infringement, and jointly liable therefor.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the District of Oregon; Robert S. Bean, Judge.

Suit in equity by the Hassam Paving Company and the Oregon Hassam Paving Company against the Reliance Construction Company, the city of Hood River, and the National Surety Company. From the final decree, defendants appeal. Affirmed.

Ralph R. Duniway, of Portland, Or., for appellants.

Carey & Kerr, of Portland, Or., and Louis W. Southgate, of Worcester, Mass., for appellees.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. This appeal presents only the question of the amount of damages awardable for the infringement of letters patent No. 861,650, issued July 30, 1907, to the Hassam Paving Company, a corporation of Massachusetts, for an invention entitled "process for laying pavement," and the question of the liability of the three defendants to the suit—the city of Hood River, on whose streets the infringing pavement was laid, the Reliance Construction Company, the corporation by which it was laid, and the National Surety Company, which guaranteed to hold the city harmless against damages for infringement. The complainants were the patentee and the Oregon Hassam Paving Company, a corporation of Oregon, to whom the patentee had granted an exclusive license to use, and to vend the right to use, the patented invention within the state of Oregon. After decreeing an injunction, the court below referred the cause to the master for accounting. The master found that the profits of the Construction Company were $2,362.40, but found that a reasonable royalty for the use of the patented process was 25 cents per square yard, and that on that basis $4,527.73 was recoverable as damages. The master's report was affirmed, and the final decree was that the complainants recover from the defendants and each of them $4,527.73 damages, with costs and disbursements.

The Construction Company assigns error to the rejection of a portion of its overhead expenses in fixing the amount of the profits which it derived from the contract. In the view which we take of the case, it is unnecessary to consider that question. The profits are ignored in the final decree, which is for damages based solely on a reasonable royalty chargeable for the infringement, following Dowagiac Mfg. Co. v. Minnesota Plow Co., 235 U. S. 641, 35 Sup. Ct. 221, 59 L. Ed. 398.

[1] It is contended that the royalty should have been fixed in the sum of 15 cents, instead of 25 cents, per square yard, and the contention is based upon the fact that 15 cents was the amount charged by the patentee to the licensee, and by the patentee to other subsidiary companies, to whom it gave similar licenses. We agree with the master that the evidence shows that the royalty of 15 cents a yard was charged by the patentee, not to the public generally, but to construction corporations, to whom it gave licenses, and that that sum should not be taken as a proper measure of damages in the case of an infringement of the patented right. It is obvious that the sum charged

by the patentee as royalty to auxiliary companies, who receive exclusive licenses for a designated territory, and who invest capital and incur the expense of preparing plants, and enter into the business of supplying the patented article, would be an inadequate royalty and measure of damages for infringement. The patentee, in consideration of the benefit which it obtains from the act of co-operation of an auxiliary company, in introducing the patented improvement and exploiting it, thereby securing a far greater return for the use of its invention than could be obtained by dealing with individual users, may well afford to fix a low rate of royalty to such licensees. For the infringer in this case to pay the licensee damages measured in the figures of a royalty of 15 cents would not meet the demands of justice.

The evidence is that the customary profit of the licensee for laying the patented pavement was 45 cents per square yard, and that such was its charge for permission to use the process. We are not advised of the terms of the license contract, further than that it gives to the licensee the exclusive right to use, and to license others to use, the patented invention within a designated territory, and that the patentee is to receive therefor a royalty in the sum of 15 cents per yard. What the respective rights of the appellees are as to damages recovered for infringement is not disclosed. On a basis of 15 cents as a reasonable royalty for damages in this case, if the licensee is entitled to receive and retain the sum paid for damages, the patentee would receive nothing for the use of its patent. If, on the other hand, it is payable to the patentee, the licensee would receive nothing for the invasion of its exclusive rights under the license. We agree with the court below that the master's finding "is as favorable to the defendants as they can reasonably ask or expect."

[2] The city of Hood River contends that it is not a joint infringer, and that no recovery of damages can be had against it in a suit in equity, citing and relying upon Elizabeth v. Pavement Co., 97 U. S. 126, 24 L. Ed. 1000. The court in that case applied the law as it was before Act July 8, 1870, c. 230, § 55, 16 Stat. 198, 206, authorizing courts of equity to allow damages in addition to profits, and held that, although the city, by letting a contract to put down a pavement which infringed the complainant's rights, had made itself liable to damages for using the patented improvement, damages were not recoverable in that suit, which was a suit in equity, and that profits only could be recovered therein, and that, since the city had paid the contractor for the pavement the same price that it would have been required to pay the patentee, it derived no profits. In the present case the city paid the contractor considerably less than it would have been required to pay the licensee of the patent. But, as damages are recoverable as provided in the act of July 8, 1870, the city having been a joint trespasser with the Construction Company, recovery against it is not limited to the actual profits it derived, but may include damages, and should be measured in the sum which is fixed as damages against the Construction Company. The liability arises in tort, and not on contract, and the municipal corporation is liable as any other infringer.

Allen v. Mayor, 17 Blatchf. 350, Fed. Cas. No. 232; Asbestine Tiling & Mfg. Co. v. Hepp (C. C.) 39 Fed. 324; Painter v. Napoleon Tp. (D. C.) 156 Fed. 289, 292; City of Akron v. Bone, 221 Fed. 944, 137 C. C. A. 514.

[3] The city of Hood River contends that it has been deprived of its right to appear and offer testimony before the master, that summons to appear before the master was served only on its codefendants, and that it had no notice of the proceeding. To this it is sufficient to point to the fact that on March 27, 1916, 30 days before the date set for the hearing before the master, all the defendants stipulated that the parties proceed with the accounting under the decree; that on the hearing the counsel who represented the other defendants were, so far as the record shows, also counsel for the city of Hood River; and that the mayor and some of the councilmen of the city appeared and gave testimony before the master. The city therefore had actual notice, and if, indeed, there was failure to give technical notice of the time and place of the hearing to "each of the parties or their solicitors," as required by rule 60 (198 Fed. xxxvi, 115 C. C. A. xxxvi), the city of Hood River, whose officers were aware of the hearing, should, if it was thought that the city's rights had been prejudiced thereby in any way, have made timely objection, either before the master or to the court upon the coming in of the master's report, or later by a motion to set aside the order of confirmation. The objection in this court comes too late.

[4] The National Surety Company contends that it was not a proper party to the suit, and that the decree is erroneous in that it awards the appellees a judgment for damages against it. The Surety Company was held jointly liable with the other infringers for the reason that it aided and abetted the Construction Company and assisted in inducing the infringement by executing the indemnity bond to hold the city harmless against damages for infringement of the patent. It is the general rule that defendants may be united in an infringement suit wherever there is a joint wrongdoing, or where there is privity or connection between them, or where they aid and abet the infringement. Thompson-Houston Electric Co. v. Ohio Brass Co., 80 Fed. 712, 26 C. C. A. 107. See, also, the opinion of Mr. Justice Bradley in American Bell Telephone Co. v. Albright (C. C.) 32 Fed. 287.

It is urged that the appellees have no cause of action against the Surety Company on the indemnity bond, and this is true. But here the suit is not on the indemnity bond, but it is for the tort of the Surety Company in aiding and abetting the infringement, whereby it became a joint infringer. In American Bank Protection Co. v. Electric P. Co. (C. C.) 181 Fed. 350, it was held that directors of a corporation cannot be held individually liable for infringement of a patent by the corporation merely because they had signed a paper agreeing to save harmless from infringement suits purchasers who had previously bought the infringing devices. It was because they had not executed the indemnity contracts until after the full accomplishment of the infringement, and because the court expressly found that the indem-

nity contracts were never used to induce infringement, that the court held that the directors were not liable as joint infringers.

The decree is affirmed.