## LEACH v. ROSS HEATER & MFG. CO., Inc.

### No. 2215.

District Court, W. D. New York.

Oct. 18, 1938.

Motion to Vacate Order Denied Dec. 1, 1938.

Munn, Anderson & Liddy, of New York City, and Thomas O. Perrella, of Buffalo, N. Y., for plaintiff.

John S. Powers, of Buffalo, N. Y., for defendant.

KNIGHT, District Judge.

Plaintiff sues for infringement of Letters Patent. Defendant answering denies infringement and includes a counterclaim upon which it petitions for a declaratory judgment.

The charge of infringement is based upon the manufacture and sale of a certain refining and heating apparatus by a corporation designated as "Ross Heater & Manufacturing Company, Inc." to the "Quaker State Oil Refining Corporation" in the year 1933. Ross Heater & Manufacturing Company, Inc., defendant herein, is a company successor of a corporation of the identical name, "Ross Heater & Manufacturing Company, Inc." This is evidenced by a written contract under date of April 20, 1933. Admittedly the particular sale alleged to constitute infringement was made by the predecessor company prior to the last mentioned date. Plaintiff now moves to dismiss the complaint and the counterclaim without prejudice. Dismissal of the complaint is asked on the ground that plaintiff did not understand that the sale was made by the predecessor company and claims no liability of the defendant on account thereof. The motion to dismiss the counterclaim is upon the grounds: that the issues raised do not bring the counterclaim within the provision of Section 274d of the Judicial Code, 28 U.S.C.A. § 400; that no controversy of substantial character exists between the parties; and that the counterclaim does not set forth a cause of action.

The Declaratory Judgment Act applies to patent suits. This court so held in Automotive Equipment, Inc., v. Trico Products Corp., 11 F.Supp. 292. See, also, Zenie Bros. v. Miskend, D.C., 10 F.Supp. 779; Lionel Corp. v. De Filippis, D.C., 11 F.Supp. 712; Mitchell & Weber, Inc., v. Williamsbridge Mills, Inc., D.C., 14 F. Supp. 954; Duro Test Corp. v. Welsbach Street Lighting Co., D.C., 21 F.Supp. 260; Derman v. Gersten, D.C., 22 F.Supp. 877; E. Edelmann & Co. v. Triple-A Specialty Co., 7 Cir., 88 F.2d 852. The Declaratory Judgment Act is applicable to a counterclaim in a suit involving the validity of a patent. Burry Ry. Supply Co. v. Laughlin, 7 Cir., 297 F. 938; Link-Belt Co. v. Dorr Co., D.C., 15 F.Supp. 663; Meinecke v. Eagle Druggists Supply Co., D.C., 19 F.Supp. 523; Asplin v. Scanlan, 37 U. S. P. Q. 261; Stadium Mfg. Co. v. Plymouth Pajama Corp., 32 U. S. P. Q. 289.

The counterclaim was interposed pursuant to old Equity Rule 30, 28 U.S.C.A. following section 723. Argument upon this motion was had prior to the effective date of the new Rules of Civil Procedure, 28 U.S.C.A. following section 723c. To what extent the new rule enlarges the old rule is not necessary to decide, though I incline to the opinion it makes no difference here. When the motion was argued it was the understanding that the old rules would be applied. It may be doubted whether the new rule 86 was intended to be applicable to proceedings which had been submitted when the new rules became effective.

A declaratory judgment is authorized only "in cases of actual controversy * * *." Judicial Code, § 274d, 28 U.S.C.A. § 400. The claim of an actual controversy here is based upon two things: (1) That defendant is liable for infringement by the predecessor company, because it obtained the proceeds of the sale of the alleged infringed device from the purchaser; (2) that plaintiff has threatened prosecution of purchasers of defendant's product to the injury of defendant.

The question here is whether the counterclaim presents any issue not raised

by the answer. In other words, there must be a "controversy" outside of the issues presented by the complaint and answer. Meeker v. Baxter, 2 Cir., 83 F.2d 183; Hann v. Venetian Blind Corp., D.C., 15 F.Supp. 372. Substituting plaintiff for defendant the language of the court in Stadium Mfg. Co. v. Plymouth, 32 U. S. P. Q. 289, applies here. The court there said: "If a defendant, by answering the plaintiff's bill of complaint, could obtain all he could secure under the Declaratory Judgment Act, I would be inclined to agree that a counterclaim, based on the Act, would be entirely superfluous * * *." Vide Automotive Equipment, Inc., v. Trico Products Corp., supra, 11 F.Supp. 293, where it was said that the "declaratory judgment" provides a "remedy in certain controversies 'where no other is available * * *." The Circuit Court of Appeals in this District in Meeker v. Baxter, supra, 83 F.2d 187, said: "To the prayers for relief one is added for a declaratory judgment, apparently for good measure. The defendants misapprehend the purpose of that relief; it is only a kind of expanded bill quia timet, meant to do in general what that suit did in its limited field. When the parties as here have once locked horns and are demanding forcible sanctions, there is no longer room for judicial declarations separate from those which will be implicit or express in the final judgment or decree."

It appears from the interrogatories that defendant manufactures and sells a product "similar" to that charged to infringe. It is not admitted that it is the same or identical, or substantially identical. In the purchase contract between the defendant and its predecessor corporation there is nothing in terms which obligated the defendant to defend an infringement suit. The assignment reads: "the party of the second part (defendant) * * * assumes the following obligations of the first parties and no others." The listed obligations contain no statement of liability for patent infringement. The general rule is that a corporation purchasing the property of another corporation does not assume its obligations unless expressly required by agreement so to do. West Texas Refining & D. Co. v. Com'r of Int. Rev., 10 Cir., 68 F.2d 77, and cases cited; Walker on Patents (Deller's Ed. Vol. 3, p. 1663). This case does not come within any exceptions to that rule.

It is claimed that where a purchaser is advantaged in any way by the infringement he is liable as an infringer. Even if that is the law, it does not apply here. Defendant purchased all of the accounts from the predecessor company, including the account in question. Presumably it paid value for it. If so, it can not be said that it obtained any advantage. Gordon v. St. Paul Harvester Works, C.C., 23 F. 147; Union Switch & Signal Co. v. Philadelphia & R. R. Co., C.C., 69 F. 833; Bowers Dredging Co. v. New York Dredging Co., C.C., 77 F. 980; Reliance Const. Co. v. Hassam Paving Co., 9 Cir., 248 F. 701; cited by the defendant, involve no comparable facts. Each shows some liability or interest in one held a proper party. In American Bell Telephone Co. v. Albright, C.C., 32 F. 287, the court said [page 288]: "Albright, as a party to this contract, joined in inducing and bringing about the infringement complained of."

The counterclaim can not be sustained upon the theory that it presents an "actual controversy" on the question of infringement.

The pleadings, answer and other proceedings, all show that the only dispute arises concerning the manufacture and sale of a certain apparatus which plaintiff now concedes defendant never manufactured or sold. The allegations in the counterclaim charging liability for threats to defendant's customers falls with the removal of the issue of infringement. Plaintiff's threats, if any, related to the apparatus manufactured and sold by defendant's predecessor. No claim is made that those threats were directed to any other apparatus. The counterclaim specifically states that those threats of prosecution relate to the patents in suit. Dismissal of the complaint and answer, therefore, leaves no issue on this subject matter of the counterclaim. The allegation in the counterclaim that there is an "actual controversy" is mere conclusion of law. It is necessary to set forth the facts which show a justiciable controversy. The court will not consider on this motion issues other than those raised. It is not called upon to pass upon a state of facts outside of the issues and purely hypothetical. Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 56 S.Ct. 466, 80 L.Ed. 688.

Since under the facts shown here the counterclaim creates no issue upon which to base a petition for a declaratory judg-

ment, the motion to dismiss the complaint and counterclaim is granted, without prejudice but with costs to the defendant.

On Motion for an Order Vacating the Order Granting the Dismissal of the Action.

After joinder of issue in the action and the interposition by defendant of a counterclaim seeking affirmative relief by way of declaratory judgment, plaintiff's motion for dismissal of the action without prejudice was granted, costs being awarded to defendant.

Defendant now moves for an order (1) vacating the order granting the dismissal of the action (2) granting leave to file amendments to the defendant's counterclaim, and (3) granting leave to serve interrogatories on plaintiff to be answered by him, and (4) granting leave to defendant to be heard on application for reconsideration of the opinion rendered on the plaintiff's motion to dismiss.

■■■■ Defendant has submitted proposed amendments to the counterclaim. These amendments purport to set forth sale of structures and the offering for sale of structures other than the device to which plaintiff's interrogatories were directed. Defendant seeks thereby to show that an actual controversy between the parties exists. Even though there may have been some question as to whether an issue was raised between the parties on the original complaint and answer, it is not seen wherein defendant's proposed amendments would do more than define issues in the original action. The mere fact that there are issues involved does not give defendant the right to require plaintiff to carry a case to conclusion. Whitall-Tatum v. Corning Glass Works, D.C., 11 F.Supp. 338. Defendant's showing of an actual issue between the parties will not support a counterclaim for declaratory judgment where such issue or controversy is determinable under the pleadings other than defendant's demand for declaratory judgment.

In this case defendant has shown no prejudice resulting from the dismissal of the action. Even were it found that defendant's amendments were sufficient to cure the defects of the demand for affirmative relief, the result would not be changed. In Tower v. Stimpson, C.C., 175 F. 130, the court refused to consider a cross bill filed subsequent to the motion to dismiss. In Houghton v. Whitin Machine Works, C.C.,

160 F. 227, the court refused to consider a cross bill praying for a discovery, when the discovery was directed solely to matters of defense to plaintiff's cause of action. Allington v. Shevlin-Hixon Co., D.C., 2 F.2d 747, discloses a request of a third party manufacturer of a device to intervene in a suit against a purchaser of his device, subsequent to the plaintiff's motion for dismissal, the intervenor's petition seeking injunctive relief against plaintiff being based on petitioner's manufacture of the alleged infringing apparatus, his assumption of the defense of the action, and the fact that his business was being interfered with by plaintiff through threats of litigation against intervenor's customers. The court dismissed the petition for intervention, saying [page 749], ."the only affirmative relief which Burns has here placed himself in a position to demand is that of immunity from future litigation and its consequences. Hence, as I view it, the affirmative relief here sought is not of a character to take this case out of the general rule under which a plaintiff may, as of course, dismiss his bill without prejudice on payment of costs."

Motion denied.