### R. F. BAY *v.* J. A. C. SHRADER.

1. CHANCERY PRACTICE — CROSS BILL — ITS FUNCTIONS.—If the defendant, in his answer, relies for any cause, upon the voidness of the instrument relied upon by the complainant for recovery, he cannot have affirmative relief of cancellation, unless he makes his answer a cross bill. But if it be shown that such instrument, from whatever cause, cannot support a right of recovery, the court should refuse a decree to enforce the instrument and dismiss the bill. The effect of such decree on final hearing is conclusive upon the parties, on all the matters properly put in issue.

2. PROMISSORY NOTES — ALTERATIONS — EFFCT THEREOF. — Words written on the back of a note are no part of the body thereof *prima facie*, but are presumed to be done after the note is completed. The test of the materiality of any indorsement or memorandum on the back or foot of a note is the time and the intent of it. If made before or at the time of the execution, it forms a part of it and may control the obligation in some important particulars. But being disconnected from the body of the instrument to which the maker's name is signed, it forms no original part of it, until shown to have been upon it when executed.

3. SAME — CASE IN JUDGMENT. — S. gave B. two promissory notes for $500 each, secured by an agricultural mortgage. At the time of the execution, B. indorsed on one of the notes $250 to be paid on the 1st of January, 1872, and $250 to be paid on the 1st of January, 1873. These indorsements were subsequently erased : *Held*, that the note so erased could not be the foundation of a suit to recover.

APPEAL from the Chancery Court of Warren County. Hon. EDWIN HILL, Chancellor.

The complainant's bill alleges the execution and delivery by appellee to appellant two notes for $500 due January 1, 1872, and January 1, 1873, and of a mortgage on crop and stock to secure the same, in Washington county, Mississippi, all executed on the 7th of June, 1871 ; The acknowledgment of this mortgage on the 18th of September, 1871, the bill further alleges that the first note is overdue and unpaid, and that appellee is removing his crops out of the state, and that complainant's security is inadequate, etc., and then prays for sequestration. The cotton is seized and bonded by complainant.

The answer admits the execution and delivery of the notes and mortgage and the nonpayment as alleged, but denies the existence of any debt or lien under the contract, because of the failure of the consideration owing to the nonfulfillment of complainant's part of the contract in not delivering possession of the property at the time stipulated. The defendant alleges, at the time of the execution of said notes and mortgage, and before the agreement was consummated, that the original engagement was changed by indorsing on the back of the first note that the defendant was to pay $250 on the 1st of January, 1872, and $250 on the 1st of January, 1873. Defendant alleges that complainant wilfully and fraudulently erased and effaced this writing so as to make it appear that the $500 was to be paid and due on the 1st of January, 1872. Defendant further alleges credit of $82 on the first note and an offset of $663, etc. Defendant prays that the notes and mortgage be cancelled and cotton restored or offset allowed, and for general relief, etc.

There was no testimony offered by complainant. The evidence introduced by defendant established the facts set out in his answer.

Complainants set the cause for final hearing, but afterwards moved to remand the case to rules for further testimony. The motion was sustained by affidavits, etc. This motion was overruled and final decree rendered, ordering the cancelling of the notes and mortgage and return of the property to defendant.

From this decree an appeal was taken and the following errors assigned:

1. The court erred in refusing to remand the cause to the rules for taking further proof, on motion of appellant.

2. The court erred in making the final decree in the cause that it did.

*Buck & Clark,* for appellant, contended:

1. That there was no fraud in the alleged alteration, nor was the identity of the note destroyed by it.

2. That the mutilated indorsement was no material part of the instrument, and hence its erasure did not affect the validity of the instrument. 2 Parsons on Notes & Bills, p. 582 ; Moye v. Herndon, 30 Miss., 110.

3. That the decree cannot be sustained, because the defendants' answer prays for specific relief, and is not made a cross bill. Arnold v. Miller, 26 Miss., 152 ; Millsaps v. Pfeiffer *et al.*, 44 Miss., 805.

*Catchings & Ingersoll*, for appellee, insisted :

1. That the indorsement made on the note at the time of its execution, changing the time of its payment and the amount, was a material part of the note, and the erasure of this indorsement vitiated the note and discharged the debtor. Henderson v. Wilson, 6 How. (Miss.), 65 ; Bruce v. Westcott, 3 Barb., 374 ; Oakey v. Wilcox, 3 How. (Miss.), 330 ; Woodward v. Bank of America, 19 Johns., 391.

2. That if the court erred in granting affirmative relief to defendant without his answer being made a cross bill, this court should render such a decree as the court below ought to have rendered.

SIMRALL, J., delivered the opinion of the court.

To the bill brought by R. F. Bay, to enforce an agricultural mortgage, executed to him by Shrader, the latter set up three defenses :

First. A material alteration of the note sought to be collected, by reason whereof it became void.

Second. That Bay did not deliver all the houses and tenements on the leasehold premises, according to his contract, and in consequence of his failure the defendant did not realize as much crop as he would had he got the houses.

Third. The note of Bay, purchased from Mitchell, is set up, by way of counterclaim as offset against his demand.

The Chancellor concurring that the first defense had been established, decreed that the note and mortgage be canceled.

We have recently held, that if the defendant, in his answer re-
lies for any cause, upon the voidness of the instrument relied up-
on by the complainant for recovery, he cannot have affirmative
relief of cancellation, unless he makes his answer a cross bill.
But if it be shown that such instrument, from whatever cause,
cannot support a right of recovery, the chancery court can do
no more, in such state of the pleadings, than to refuse a decree,
enforcing the instrument and dismissing the bill. The effect of
such decree, dismissing the bill, on final hearing, on the merits, is
conclusive upon the parties, on all the matters properly put in
issue. If the chancery court was right, therefore, in its conclu-
sion, that the promissory note had been altered by the complain-
ant, or with his privity, it erred in the form of the decree pro-
nounced.

The answer and the proof leave it in uncertainty and doubt,
as to the time of pleading the indorsement on the back of the
note, and of its erasure. The legal consequence of the alteration
of a memorandum or indorsement on the back of the paper de-
pends very much on its character. It is laid down by Parsons'
Bills and Notes, vol. 2, 544, that words written on the back of
the note are no part of the body thereof, *prima facie*, but are pre-
sumed to be done after the note is completed. And hence an
erasure need not be explained in pursuing a remedy solely on the
body of the note. The test of the materiality of such memoran-
da or indorsement on the back of the instrument is, the time and
the intent and purpose of it. If made before or at the time of
the execution of the instrument, it may be parcel of it, and may
control the obligation in some important particular.

In the early case of Brooke v. Smith, Moor, 679, which was
debt upon an obligation to save harmless certain lands from all
incumbrances made by the obligor, upon the back, was a memor-
andum, that the condition should not extend, to an extent of a
statute acknowledged by the obligor to a certain person. Here
the memorandum was parcel of the condition — being a written

explanation of the intent of the parties—and limiting the opera-
tion of the condition.   There are many cases to the same point.
Steadman v. Purchase, 6 D. & E., 737; Burgh v. Preston, 8 D.
& E, 483; Jones v. Fales, 4 Mass, 245; Hartley v. Wilkinson,
4 S. & M., 25; Leeds v. Lancashire, 2 Com., p. 205; Fletcher v.
Blodgett, 16 Vermont, 26; Springfield Bank v. Merrick, 14
Mass., 322.   If such memoranda are at the foot or on the back
of the note or other instrument, when executed, they constitute a
part of the contract.   But being disconnected from the body of
the instrument to which the maker's name is signed, it forms
no original part of it, until shown to have been upon it when ex-
ecuted.

In this case the words written on the back of the note and
signed by Bay, which have been erased, by lines drawn across
them, are to the effect that two hundred and fifty dollars are to
be paid January 1, 1872, and the like sum January 1, 1873.   If
that indorsement was made before the note was signed, it would
operate, to divide the note into two payments, and would change
the body of the paper, which made the entire $500 fall due Jan-
uary 1st, 1872.

Shrader, in his testimony, gives this account:   "After arriving
at the magistrate's office, Bay proposed to write out two notes for
$500 each, so that the notes would correspond with our written
agreement, then he proposed to indorse on the back of the notes
that he would wait for the $250 until the first of January, 1873,
which he did."   The agreement referred to is dated the 7th of
June, 1871, by which Bay sold out to Shrader his interest in the
lease of the Richland plantation, for the time and on the condi-
tions therein specified, also the use of his teams, wagons, etc., for
$500, payable January 1st, 1872, and $500 January 1st, 1873.
The evidence is that the two notes of $500 each, were given at
the same time with the mortgage, in August, 1871, but were
dated so as to correspond with the agreement of purchase, June
7th, 1871.   There was no stipulation in this agreement for mort-

gage security. But doubt was expressed in it, whether Bay could hold for the five years, and provision was made, that if the lease failed, deduction should be made from the last instalment. Bay was not examined as a witness, and the only evidence about the alteration of the contract comes from Shrader himself. There was a pending dispute between Shrader and Bay, because of the refusal of the latter to surrender possession of some houses, and there is testimony that serious damage resulted to Shrader from that cause. The execution of the mortgage and notes in August, seems to have been intended by the parties, to be a settlement of their differences, Shrader to secure his debt, and Bay to divide the first note into equal installments, by indorsing a writing on the back of it to that effect. The fair reading of Shrader's testimony is that such was the understanding, and that the indorsement was made before the execution, and constituted a parcel of the contract. The fact that Bay did not testify and deny this explanation of the matter by the other party, would warrant the deduction that he acquiesced in it.

The most of the margin of the paper upon which the indorsement was written has been torn off, but the name of Bay still appears upon it, is signed to it, with lines of erasure drawn across.

We do not think this paper can be made the foundation of a right to recover, nor do we think, without a cross bill, that the defendant could ask for positive affirmative relief.

It has been more than once held in this court, that if the defendant seeks more than a defeat of the relief sought by the complainant on the mortgage, or other instruments, the foundation of his claim — such as a cancellation of it or them — so as to set them entirely aside, and thereby prevent the possibility of future annoyance therefrom, he can only obtain such relief by a cross bill.

So much of the decree, therefore, as directs and orders that the "said mortgage be canceled as to the said cotton seized," "and that the said note be canceled," is reversed and set aside; but

that the said decree, in each and every other particular, is affirmed.