REMER *v.* McKAY.

*(Circuit Court, N. D. Illinois.* March 25, 1889 )

EQUITY—PLEADING—CROSS-BILL—GERMANE TO BILL.

Complainant filed a bill to remove a cloud on his title, alleging that defendant issued an attachment in Iowa against R., and levied on the land in question, which stood in the name of R.'s wife; that defendant filed a supplemental petition in that suit against R. and wife, alleging that the land actually belonged to R., and had been conveyed by him to his wife in fraud of creditors; that without service on or notice to Mrs. R., and without appearance by her, defendant obtained a decree under which the land was sold, and he became the purchaser; that complainant had in good faith obtained the title from Mrs. R.   *Held* that, as by the laws of Iowa a creditor may attach land fraudulently conveyed, and afterwards file a bill to set aside the fraudulent title, defendant had a right in this suit to file, as germane to the bill, a cross-bill alleging that complainant was not a *bona fide* purchaser, and praying to have his pretended title declared void, and the title declared to be in defendant.

In Equity.   On exceptions to answer, and demurrer to cross-bill.

Bill to set aside cloud on title, filed by Chester K. Remer against Duncan McKay.   For opinion on demurrer to bill, see 35 Fed. Rep. 86.

*O. F. Woodruff*, for complainant.

*Fry & Babb*, for defendant.

BLODGETT, J.   This case is now before the court on exceptions to defendant's answer and demurrer to the cross-bill filed by the defendant. The original bill charged, in substance, that Janet R. Remer, the wife of Adam Remer, became the owner of certain lands situated in Monona county, Iowa; that defendant, McKay, claimed to be a creditor of Adam Remer, the husband of Janet, and instituted proceedings by attachment in the district court of Monona county against Adam Remer, and levied on the lands so owned by Janet, and also filed a supplemental petition in equity against Adam and Janet Remer, charging that said Adam was the actual owner of the land so levied on, and had caused the same to be conveyed to his wife, Janet, without consideration, for the purpose of defrauding his (Adam's) creditors; prayed a decree that said Janet had no real interest in the land, and held the same in trust for Adam; and without personal service on, or notice to, Janet, and without any appearance by her in the case, a decree was entered, directing the land to be sold for payment of the indebtedness due the defendant; that said land was so sold by the sheriff of said county, and in accordance with such sale the sheriff of said county had made a deed thereof to the defendant, who claimed thereby to have acquired a valid title in fee-simple thereto.   And the bill further charged that the complainant had, without notice, acquired by purchase in good faith the title of Janet to the land, and asked that the title of the defendant, so obtained without service of process or notice, should be set aside as a cloud upon his title.   By the answer and cross-bill the defendant now charges that Janet Remer had no actual interest in the land; that it was bought by her husband, Adam Remer, and paid for from his means; that defendant in the origi-

nal bill and complainant in the cross-bill is a creditor of Adam Remer, and has proceeded by attachment, as he lawfully might under the laws of the state of Iowa, against Adam, to levy upon said land under his writ of attachment and to obtain judgment against Adam, and that said land was duly sold in pursuance of the decree and judgment of the court to satisfy the indebtedness due from Adam to the defendant; and that he has by due course of said proceedings obtained a deed from the sheriff of said county conveying to him said land; and that complainant had notice, before purchasing from said Janet, of the fraudulent nature of the conveyance to her, and the manner in which she held her title; the cross-bill prays a decree that the title held by Janet, and which has been conveyed to complainant, was fraudulent as against the complainant, a creditor of Adam Remer, and that said complainant be decreed to convey said land to the defendant.

The only question in the case, it seems to me, which is raised by these exceptions and demurrer, is whether this cross-bill is germane to the subject-matter of the original bill. Under the laws of Iowa any interest of a person in real estate in that state, whether legal or equitable, may be levied upon and sold by a creditor of the person holding such interest; and real estate fraudulently conveyed to a third person may be attached by a creditor of the real owner, and a bill filed afterwards to set aside the fraudulent title. *Lathrop* v. *Brown*, 23 Iowa, 40; *Hultz* v. *Zollars*, 39 Iowa, 591; *Gardner* v. *Jaques*, 42 Iowa, 577; *Bailey* v. *Mc-Gregor*, 46 Iowa, 667. The complainant having come into a court of equity for relief, the defendant may, as it seems to me, appropriately make this application for relief by attacking complainant's title, and saying that complainant has in equity no title to the land in question, but that the real and equitable title is in the defendant; that the complainant has no standing in a court of equity to maintain and be protected in a title held in fraud of the defendant's rights. The case made by the cross-bill seems to me an appropriate defense to the complainant's case, and one that, if sustained by the proof, would show the defendant entitled to the relief asked. It therefore appears to me that the cross-bill is entirely germane to the case made by the original bill, and that the exceptions to the answer, and the demurrer to the cross-bill, should be overruled.