Scott, Administratrix, Respondent, vs. The Town of Menasha, Appellant.

*December 9, 1892 — January 10, 1893.*

*Equity: Cancellation of negotiable instruments: Counterclaim.*

1. Courts of equity have jurisdiction of actions to compel cancellation and delivery of negotiable instruments apparently valid, but in fact invalid, in the hands of holders with notice before maturity.

2. In an action upon coupons detached from negotiable municipal bonds, defendant may plead as a counterclaim a cause of action in equity for the cancellation of the bonds and coupons on the ground of fraud and want of consideration in their issuance, it being alleged that plaintiff is the holder of both bonds and coupons with notice of their invalidity. Such cause of action is one arising out of the contract which is the foundation of plaintiff's claim, and is connected with the subject of the action (R. S. sec. 2656, subd. 1). It is also a claim which, if established, will defeat the judgment to which plaintiff is otherwise entitled (*Dietrich v. Koch,* 35 Wis. 618).

APPEAL from the Circuit Court for *Winnebago* County.

The action was brought by Reuben M. Scott to recover upon certain coupons alleged to have been attached to certain municipal bonds issued by defendant town. The complaint set forth the issuance and delivery by the town to the Wisconsin Central Railroad Company of a number of municipal negotiable bonds to which the coupons in suit were attached, and alleged ownership of the coupons before maturity, demand, and nonpayment. The complaint did not allege ownership of the bonds.

The answer alleged, by way of counterclaim, a large number of facts tending to show that the bonds in question were issued without legal authority and, though apparently valid, were void in their inception because of failure by the railroad company to perform the conditions upon which their validity depended; that all such facts were well known to Reuben M. Scott, and to all parties who

ever owned or held said bonds; and that Scott is the owner and holder of all said bonds and their coupons, and threatens to dispose of the same to innocent purchasers,— and prays that the same be adjudged void and canceled, and that Scott be enjoined from transferring the same.

Scott died *pendente lite*, and the action was revived in the name of his administratrix. The bonds had more than a year to run before maturity when the answer was served.

To this counterclaim plaintiff demurred (1) because it does not state facts sufficient to constitute a cause of action; (2) because it is not pleadable as a counterclaim. From an order sustaining this demurrer, defendant appeals.

For the appellant there were briefs by *J. C. Kerwin* and *Gary & Forward*, and oral argument by *Mr. Kerwin*.

*Gabe Bouck*, for the respondent.

WINSLOW, J. It seems apparent that the counterclaim states a cause of action in equity. The jurisdiction of courts of equity to entertain an action to compel cancellation and delivery of negotiable instruments apparently valid, but in fact invalid, while in the hands of holders with notice before maturity, is well settled. 3 Pom. Eq. Jur. § 1377. In fact, it was not contended, either in the brief or upon the oral argument, that the first ground of demurrer was well taken. We shall, therefore, spend no time on that point.

The question whether the facts are pleadable as a counterclaim presents more difficulty, but we think it must be answered in the affirmative. It being established that the facts stated would show a cause of action in equity for the cancellation of the void bonds in plaintiff's hands, the principal question under this head is whether this cause of action comes within the provisions of subd. 1, sec. 2656, R. S., *i. e.*, whether it is "a cause of action arising out of the contract or transaction set forth in the complaint as the foun-

dation of the plaintiff's claim, or connected with the subject of the action."

It may well be urged that the bond itself is the contract which is the foundation of plaintiff's claim; but whether it be held that the bond or the coupon alone is the foundation of his claim, within the meaning of the law, it would seem quite evident that a cause of action which attacks both the bond and coupons as void because of fraud and total want of consideration in their issuance, must be a cause of action arising out of the contract which is the foundation of plaintiff's claim. The bond and coupons are simultaneously executed, the coupon being simply an incident to the bond, and are based upon the same consideration, and are the result of the same negotiations. It seems to us that this cause of action fulfils both clauses of the section under consideration. It arises out of the contract which is the foundation of the plaintiff's claim, and it is connected with the subject of the action.

It was argued that this counterclaim does not come within the rule stated in *Dietrich v. Koch*, 35 Wis. 618, viz., "a claim which, if established, will defeat or in some way qualify the judgment to which a plaintiff is otherwise entitled." This is untenable, because, if the bonds are invalid by reason of the facts stated in the counterclaim, the coupons sued on are also invalid, and both bonds and coupons are alleged to be held by the plaintiff with notice of their invalidity. So, if defendants prove their counterclaim as alleged, they will defeat the judgment to which plaintiff is otherwise entitled. Because they propose to go further, and obtain some affirmative relief, is no objection to the counterclaim. *Wilson v. Hooser*, 76 Wis. 387.

*By the Court.*— Order reversed, and cause remanded for further proceedings according to law.