### WEBER v. HERTZELL et al.

(Circuit Court of Appeals, Eighth Circuit. February 9, 1916.)

No. 4201.

1. APPEAL AND ERROR ⚸917(1)—PRESUMPTIONS IN SUPPORT OF JUDGMENT.

Equity rule 29 (198 Fed. xxvi, 115 C. C. A. xxvi), abolishes demurrers and requires defenses in point of law to be made by motion to dismiss or in the answer. Rule 81 (198 Fed. xlii, 115 C. C. A. xlii), provides that such rules shall be in force from February 1, 1913, and shall govern all proceedings in cases then pending or thereafter brought, save that where, in any then pending cause, an order has been made or act done which cannot be changed without substantial injustice, the court may give effect to it to the extent necessary to avoid any such injustice. *Held*, that where a demurrer, filed prior to February 1, 1913, was sustained subsequent to that date, but the record did not show when it was submitted. it would be assumed, on appeal, either that it was submitted before February 1, 1913, or that the court treated it as a motion to dismiss.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3706; Dec. Dig. ⚸917(1).]

2. JUDGMENT ⚸645—PLEADING JUDGMENT AS BAR.

The defense of res judicata is as much a defense at law as in equity, and there is no necessity for a preliminary decree in equity establishing such defense.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1158; Dec. Dig. ⚸645.]

3. INJUNCTION ⚸26(6)—ENJOINING ACTIONS AT LAW—EXISTENCE OF EQUITABLE DEFENSES—"ESTOPPEL IN PAIS."

While an "estoppel in pais" is called an equitable estoppel, it is a legal estoppel as well, and is not treated as a distinctively equitable defense, and can be pleaded in a law case; and hence the existence of such estoppels furnished no ground for a suit in equity to enjoin an action of ejectment and take over the litigation.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 35; Dec. Dig. ⚸26(6).

For other definitions, see Words and Phrases, First and Second Series, Estoppel in Pais.]

4. INJUNCTION ⊂⇒26(3) — ENJOINING ACTIONS AT LAW — NECESSITY OF ACCOUNTING.

An action of ejectment would not be enjoined, and the litigation taken over by a court of equity, on the ground that, if an accounting should be decreed, a court of law would be without jurisdiction, where the defendant in the ejectment action, seeking the injunction, did not concede that there ever would be an accounting, especially where the account was short, and no reason was apparent why it could not be adjusted by a jury.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 28, 29, 36–44, 46, 48; Dec. Dig. ⊂⇒26(3).]

Appeal from the District Court of the United States for the Eastern District of Oklahoma; Ralph E. Campbell, Judge.

Suit by Howard Weber against Freeman E. Hertzell and others. From a decree dismissing the bill, plaintiff appeals. Affirmed.

J. J. Shea, of Bartlesville, Okl. (Burdette Blue, of Bartlesville, Okl., on the brief), for appellant.

J. P. O'Meara, of Tulsa, Okl. (C. B. Ames, of Oklahoma City, Okl., and James A. Veasey, of Tulsa, Okl., on the brief), for appellees.

Before SANBORN and SMITH, Circuit Judges, and TRIEBER, District Judge.

SMITH, Circuit Judge. [1] This is an action in equity. The bill was filed by Howard Weber December 2, 1912, and on December 9, 1912, the defendant Freeman E. Hertzell filed a demurrer thereto. By rule 81 (198 Fed. xlii, 115 C. C. A. xlii) of the new equity rules it is provided:

"These rules shall be in force on and after February 1, 1913, and shall govern all proceedings in cases then pending or thereafter brought, save that where in any then pending cause an order has been made or act done which can not be changed without doing substantial injustice, the court may give effect to such order or act to the extent necessary to avoid any such injustice."

The record does not show whether the demurrer was submitted before or after February 1, 1913, but on September 17, 1913, long after the new rules took effect, the court sustained the demurrer and dismissed the case at plaintiff's cost. Of course demurrers were abolished by the new rules, but we shall assume either that the demurrer was submitted before February 1, 1913, or that the court treated the demurrer as a motion to dismiss under rule 29 (198 Fed. xxvi, 115 C. C. A. xxvi).

Howard Weber holds so-called drilling contracts from Oliver Bagby and the Vinita & Chelsea Oil Company upon certain lands in Oklahoma. There was litigation concerning these drilling contracts, to which both Weber and Hertzell were parties in the District Court of Washington county, Okl., where the case was decided in favor of Weber. That case went to the Supreme Court of Oklahoma and was there affirmed. Hertzell et al. v. Weber et al., 31 Okl. 5, 120 Pac. 589. From the opinion in that case a more full statement will be found of the facts in this controversy than we deem it necessary to give here. That case was decided in the district court of Wash-

ington county on February 4, 1910, and in the Supreme Court of Oklahoma on November 14, 1911, and a rehearing denied on June 12, 1912. Before the decision in either court, on December 16, 1909, and on January 8, 1910, Hertzell procured warranty deeds of all the land in question from Josie (Moore) Harrison and Etta Mode and their husbands. The grantors in said deeds owned the lands in question, but they had outstanding thereon leases to Oliver Bagby and the Vinita & Chelsea Oil Company for oil and gas purposes, and these lessees had given the drilling contracts to Weber. Subsequently Hertzell brought a suit in ejectment against Weber under these deeds and for damages for the wrongful detention in the District Court of the United States for the Eastern District of Oklahoma. Thereupon the appellant, Weber, filed this bill in equity in the same court against the appellee, Hertzell, seeking to establish certain estoppels against Hertzell and to restrain the prosecution of the action at law by him to recover the land and damages for the wrongful detention. As before stated, the court sustained the demurrer to this bill, and dismissed it, and the plaintiff, Weber, appeals.

[2] The plaintiff claims that the decree in the Oklahoma courts is an adjudication against Hertzell in the new case now pending in the federal court, but the defense of res adjudicata is as much a defense at law as in equity and there is no necessity for a preliminary decree in equity as to that.

The plaintiff also contends that there are certain estoppels by conduct of Hertzell. The allegations in this connection are of estoppels in pais or equitable estoppels.

[3] It has been held by this court that such estoppels can be pleaded in a law case. Anglo-American Land Mortgage & Agency Co. v. Lombard, 132 Fed. 721, 68 C. C. A. 89; Campbell et al. v. Golden Cycle Mining Co. et al., 141 Fed. 610, 73 C. C. A. 260. The same has been held by the Supreme Court of the United States. Dickerson v. Colgrove, 100 U. S. 578, 25 L. Ed. 618; Kirk v. Hamilton, 102 U. S. 68, 26 L. Ed. 79; Wehrman v. Conklin, 155 U. S. 314, 15 Sup. Ct. 129, 39 L. Ed. 167. And the same rule has been announced in many Circuit Court of Appeals decisions from other circuits and by state Supreme Courts.

Of course it is true that a court of equity will not refuse jurisdiction unless the jurisdiction of the law is full, adequate and complete. Boyce v. Grundy, 3 Pet. 210, 7 L. Ed. 655. And it is true that under the peculiar facts in Drexel v. Berney, 122 U. S. 241, 7 Sup. Ct. 1200, 30 L. Ed. 1219, Wehrman v. Conklin, 155 U. S. 314, 15 Sup. Ct. 129, 39 L. Ed. 167, Davis v. Wakelee, 156 U. S. 680, 15 Sup. Ct. 555, 39 L. Ed. 578, Clews v. Jamieson, 182 U. S. 461, 21 Sup. Ct. 845, 45 L. Ed. 1183, and Donovan v. Pennsylvania Co., 199 U. S. 279, 26 Sup. Ct. 91, 50 L. Ed. 192, the jurisdiction in equity was sustained but the peculiar facts which resulted in its being sustained in those cases do not appear in this case. They all proceeded upon the theory that there were independent equities in the bills aside from the question as to whether they were equitable estoppels. The use of the term "equitable estoppel" has a tendency to confusion. In the

United States courts a recovery may be had upon the strict legal title and a court of law will not uphold or enforce an equitable title to lands as a defense to their recovery. While an estoppel in pais is called an equitable estoppel it is a legal estoppel as well and is not treated as a distinctively equitable defense.

[4] It is suggested that if the matter should ever come to a stage where an accounting should be decreed a court of law would be utterly without jurisdiction to order such thing to be done. It is quite common in many states to permit in an ejectment action a recovery of damages for wrongful detention. The entire account between these parties is set forth in the transcript and does not take over 4½ pages, and there seems no reason why these accounts could not be adjusted by a jury; but the complainant does not concede that there ever will be an accounting, but claims the case should be resolved in his favor. We cannot find in this suggestion any ground for a court of equity to take over the litigation.

We conclude that all the matters relied upon in the bill in this case were equally available at law as in equity, and that the ruling of the District Court was correct; and it is affirmed.