JESSE LYON, Plaintiff, *v.* THE PENNSYLVANIA RAILROAD COMPANY and Others, Defendants.

Supreme Court, Allegany Special Term, October, 1922.

Practice — demurrers — motion brought on prior to enactment of Civil Practice Act — when trial of issues of law so presented to be determined under law as it stood when motion was noticed — Civil Practice Act, § 1569.

The trial of the issues of law presented by separate demurrers to a complaint for insufficiency brought on as a motion in 1919 was saved by section 1569 of the Civil Practice Act from impairment or becoming ineffectual by the repeal thereby of any provision of the Code of Civil Procedure.

It appears from the complaint that the facts therein alleged do not constitute a cause of action against the defendants jointly or severally; that the cause of action does not affect all of the defendants; that the plaintiff has no cause of action against one of them; that a cause of action alleged against one of the defendants was united with a cause of action against the other two defendants and that causes of action had been improperly united. *Held,* that the demurrer of the defendant against whom the plaintiff has no cause of action will be sustained and the complaint dismissed as to that defendant, with costs.

Demurrers of the remaining defendants sustained, with leave to plaintiff to serve an amended complaint upon payment of motion costs to each of the defendants, and upon failure to so amend the complaint the same will be dismissed, with costs.

SEPARATE demurrers by each defendant to plaintiff's complaint.

*Keller & Hopkins,* for plaintiff.

*Robbins, Phillips, Greene & Robbins,* for Erie Railroad Company and Genesee River Railroad Company.

*Allen J. Hastings,* for Pennsylvania Railroad Company.

BROWN, J. This action was commenced in February, 1919. Defendants interposed separate demurrers challenging the sufficiency of the complaint. Trial of the issues of law thus presented was brought on as a motion September 27, 1919. Defendants' briefs were submitted to the then attorney for the plaintiff, who asked for time in which to prepare and submit a brief for the plaintiff. Briefs were to be submitted to the court October 1, 1919. Pleadings and briefs were submitted to the court September 15, 1922, nearly three years after argument. They have been examined at the earliest opportunity since submission.

Upon the argument the defendants urged and it now appears upon an inspection of the complaint that the facts therein stated do not constitute a cause of action against the defendants jointly or severally; that it appears upon the face of the complaint that the cause of action does not affect all of the defendants; that it appears upon the face of the complaint that the plaintiff has no cause of action against one of the defendants; that a cause of action alleged against one of the defendants is united with a stated cause of action against the other two defendants; that causes of action have been improperly united.

The criticisms of the complaint are based upon the provisions of sections 484 and 488 of the Code of Civil Procedure then in force. Tested by such provisions of law the demurrers must have been sustained. *Goldberg* v. *Utley,* 60 N. Y. 427; *Wiles* v. *Suydam,* 64 id. 173; *Crowell* v. *Truesdell,* 67 App. Div. 502; *Witherbee* v. *Bowles,* 142 id. 407, 418; *Lee* v. *Stillwater & Mechanicville Street R. Co.,* 140 id. 779.

Plaintiff now asserts that the Civil Practice Act in effect October 1, 1921, having repealed that part of section 484 of the Code of Civil Procedure requiring all causes of action in one complaint to affect all the parties and section 488 of the same Code which provided for demurrers, and having provided by sections 211–213 that all persons may be joined as defendants against whom the right to any relief is alleged to exist irrespective of their interest in every cause of action stated in the complaint, the complaint served in 1919 should now be determined to be sufficient. The complaint was insufficient at the time of the trial in 1919; the defendants were entitled then to judgment sustaining the demurrers. They were entitled to a decision that a cause of action for trespass or negligence stated against one of them could not be united with

a cause of action upon a statutory liability of the remaining defendants; one defendant was entitled to a decision that a cause of action against it for a trespass could not be united with a cause of action against it based upon its assumption of the liability of another defendant for damages by reason of a negligent act in no wise connected with such trespass; one defendant was entitled to a decision that the facts alleged did not constitute a cause of action against it.

It is not believed that it was intended that a trial of issues of law in 1919 affecting the rights of these defendants and secured by sections 484 and 488 of the Code of Civil Procedure, should be decided after October 1, 1921, by the application of the provisions of the Civil Practice Act, eliminating all the rights that had theretofore been established by the demurrers. Section 1569 of the Civil Practice Act provides that these demurrer proceedings shall not be rendered ineffectual or impaired by the Civil Practice Act or by the repeal thereby of any provision of the Code of Civil Procedure.

In *MacDonald* v. *Wills & Co., Ltd.,* 199 App. Div. 203, it was held that proceedings instituted before October 1, 1921, that were saved by section 1569 of the Civil Practice Act from impairment or becoming ineffectual by the repeal of the Code of Civil Procedure " have been preserved until such time as they may be disposed of and proper remedies given under the then existing law." To hold that in making a decision upon these demurrers the court should in the interest of justice apply sections 211–213 of the Civil Practice Act to this complaint and overrule the demurrers, would be inconsistent with the plain command of the statute that the rights of these defendants under the demurrers were not impaired or rendered ineffectual by sections 211–213 of the Civil Practice Act.

The demurrer of the defendant Genesee River Railroad Company is sustained, and as the plaintiff has no cause of action against that defendant (*Lee* v. *Stillwater & Mechanicville Street R. Co., supra*) the complaint will be dismissed, with costs. The demurrers of the remaining defendants are sustained with leave to the plaintiff to serve an amended complaint within twenty days upon paying motion costs of ten dollars to each of such defendants. Upon failure to so amend the complaint, the same will be dismissed, with costs.

Ordered accordingly.