# A. C. GILBERT CO. v. UNITED ELECTRICAL MFG. CO.

District Court, E. D. Michigan, S. D. July 1, 1929.

No. 2768.

Stuart C. Barnes, of Detroit, Mich., for plaintiff.

Owen & Owen, of Toledo, Ohio, for defendant.

TUTTLE, District Judge. This patent infringement suit is now before the court on a motion of the plaintiff that its bill of complaint herein be dismissed without prejudice. This motion is opposed by the defendant on the ground that such a dismissal without prejudice would inequitably prejudice it, and should not be permitted by the court. Whether the plaintiff is entitled to the dismissal so sought is the sole question involved.

The bill, by appropriate recitals, alleges infringement by the defendant of a certain patent owned by the plaintiff on a beverage mixer device. The answer filed by the defendant denies both the validity of the patent and any infringement thereof by the defendant. The answer then concludes with the following paragraph:

"Further answering, defendant avers that it is manufacturing and selling a number of electrically operated devices under the trademark brand of 'Eskimo'; that it has developed a large and extensive business and goodwill in such goods and trade name; that plaintiff is manufacturing and selling a similar line of goods under the trade-mark brand of 'Polar Cub,' and that many of the articles manufactured and sold by plaintiff are for the same purposes as those manufactured and sold by defendant and are sold in competition with defendant's 'Eskimo' brand of articles; that immediately upon filing its bill of complaint herein plaintiff sent circular letters broadcast to the trade, and particularly to defendant's customers, stating generally that plaintiff's 'Polar Cub' brand of articles are manufactured under patents fully protecting the same and that defendant's 'Eskimo' brand of articles infringe on such patents and that suit for infringement has been filed in this court against defendant, without referring to any particular patent of plaintiff's or specifying any particular article of defendant's alleged to infringe; that these notices were not sent out in good faith, but in an endeavor to and with the intent of injuring defendant's business in general and of securing defendant's trade in its various 'Eskimo' brand of articles; that defendant has been materially embarrassed and damaged by plaintiff's conduct in this respect and has and will lose considerable business—how much, it has no way of knowing and never will; and that plaintiff, by reason of such acts, is not doing equity and is not entitled to any equitable relief herein."

It is asserted by the defendant, and not denied by the plaintiff, that one of the letters sent out by the plaintiff as just mentioned was as follows:

"Gentlemen: Electrical products sold under our 'Polar Cub' brand are covered by various patents, and in respect to each and all of those patents it is our policy to protect ourselves and our dealers to a maximum extent by making all reasonable and proper efforts to enjoin the sale of competitive devices which, as we are or may be advised, are infringements of the exclusive rights granted to us.

"In pursuance of that policy, we have recently instituted suit for patent infringement in the United States District Court for the Eastern District of Michigan, Southern Division, against United Electrical Mfg. Company of Adrian, Michigan, applying to 'Eskimo' brand, asking for the usual preliminary and final injunctions and an accounting of profits and damages.

"In respect to all patents granted to or controlled by our Company, it is our intention to take such action as may be required for the complete protection of our interests.

"Cordially yours,
"[Signed] H. L. Trisch.
"H. L. Trisch.
"Sales & Advertising."

In the motion to dismiss without prejudice, and in the affidavit filed in support thereof, it is stated that, after the commencement of this suit, the plaintiff instituted a suit, based on the patent here involved, and also on additional patents, in the federal District Court for the district of Connecticut (where the plaintiff has its principal place of business), against a customer of the defendant, in which suit the defendant has intervened, and that "plaintiff prefers to try the matter in its own district to thereby save considerable expense and facilitate the production of its witnesses for the trial." No testimony has yet been taken herein.

The defendant opposes the motion to dismiss without prejudice, and insists that, in view of the conduct of the plaintiff in pub-

lishing to the trade, including the customers of the defendant, the charges of infringement and notices of suit already mentioned, it would be unfair and inequitable to the defendant to now permit the plaintiff to discontinue this suit without prejudice and to thus leave these charges in the minds of the public without an opportunity on the part of the defendant to meet and disprove such charges. I cannot avoid the conclusion that the defendant is correct in this contention. It is settled law that a plaintiff may not dismiss a bill without prejudice, unless by permission of the court in which such bill has been filed, and that if, in the exercise of a sound discretion, such court is satisfied that under the particular circumstances involved such a dismissal would be inequitable, and would wrongfully prejudice the defendant beyond merely subjecting him to the annoyance of a second suit, such permission will be denied to the plaintiff. Pullman's Palace-Car Co. v. Central Transportation Co., 171 U. S. 138, 18 S. Ct. 808, 43 L. Ed. 108; Individual Drinking Cup Co. v. Union News Co., 250 F. 625 (C. C. A. 2); Churchward International Steel Co. v. Carnegie Steel Co. (D. C.) 286 F. 158; Hills v. Federal Optical Co. (D. C.) 295 F. 213; Greenville Banking & Trust Co. v. Selcow, 25 F.(2d) 78 (C. C. A. 3).

This court had occasion to refer to this rule in its opinion in Cowham v. McNider (D. C.) 261 F. 714, citing numerous authorities. In the language of the United States Supreme Court in Pullman's Palace-Car Co. v. Central Transportation Co., supra, "Leave to dismiss a bill is not granted where, beyond the incidental annoyance of a second litigation upon the subject-matter, such action would be manifestly prejudicial to the defendant. * * * If the defendants have acquired some rights which might be lost or rendered less efficient by the discontinuance then the court, in the exercise of a sound discretion, may deny the application."

■ Applying this principle to the present case and considering the public attack made on the business integrity and standing of the defendant by the action of the plaintiff in holding it up to the trade as an infringer of the plaintiff's patent, and in announcing, in effect, that it has met this infringement by bringing the defendant into this court for "the usual preliminary and final injunctions and accounting of profits and damages," it is apparent that it would be prejudicial and inequitable to the defendant to permit the plaintiff to now discontinue, without prejudice, its suit which it has so advertised. Assuming that the plaintiff was within its legal rights in sending out these charges of infringement and notices of its suit against the defendant in this court, it is clear that the natural and necessary result thereof must have been to undermine the confidence of the trade in the defendant and to spread doubt and suspicion regarding the "competitive devices" of the defendant mentioned in such notices. As was pointed out by the court in the case of Georgia Pine Turpentine Co. v. Bilfinger (C. C.) 129 F. 131, at page 132:

"The institution of the suit, the charge of infringement, the publicity given by the complainant to the pendency of the same * * * must have had a detrimental effect on defendants' business. This effect is of such nature as would not be removed if the bill of complainant herein be merely voluntarily dismissed by an order on such motion as complainant now proposes. Such damage to defendants' reputation and business standing can only be removed by a judgment of the court deciding the controversy on the merits."

The equity involved here closely resembles, if it does not fully constitute, an equitable estoppel. The plaintiff has, in substance and effect, asserted to the public, or at least the portion thereof reached by its communications on the subject, that it is seeking in this court an injunction and accounting against the defendant, by reason of this infringement by the latter. It would seem plain that the same considerations which underlie and support the doctrine of equitable estoppel are equally applicable, in principle, to this situation, and that equity requires that plaintiff should not now be heard to deny what he has thus asserted, in view of the prejudicial result of such denial to the defendant. Regardless, however, of the applicability of the doctrine of estoppel here, it is clear that a dismissal of this bill without prejudice would deprive the defendant of substantial rights and equities arising from the conduct of the plaintiff mentioned, and that the defendant is equitably entitled to meet the plaintiff, on the merits of the issues raised by the plaintiff, in the legal contest to which it has been thus publicly challenged.

■ One other matter deserves mention. It will be noted, from the language already quoted from the answer, that by such answer, filed before the filing of the motion to dismiss, the defendant alleged that it had been injured by the acts of plaintiff here in question, and that "plaintiff, by reason of such acts, is not doing equity and is not entitled to any equitable relief herein." Without intimating any opinion concerning the original force of that

claim as a defense to the bill of complaint, the present position of the defendant, made proper by the change in the situation created by the subsequent effort of the plaintiff to dismiss its bill without prejudice, to the effect that, as stated in its opposition to the motion to dismiss, "it is important, from defendant's standpoint, to have the question of alleged infringement and validity of the patents disposed of at as early a date as possible," prevents it from using this conduct of the plaintiff as a ground for the dismissal of the bill with prejudice, while also relying on such conduct as a ground for opposing the dismissal of such bill without prejudice. Manifestly, since the right of the defendant to retain this suit in this court arises from, and is based on, its right to have this court decide the questions of patentability and infringement raised by the plaintiff, the defendant cannot rely on the same conduct of the plaintiff as a reason for denying to the plaintiff the relief sought in its bill, and thus avoid the very contest on the merits which such conduct entitles the defendant to insist upon. This seems too plain for further discussion.

For the reasons stated, the motion to dismiss the bill without prejudice must be denied. An order may be entered accordingly.