### DURO TEST CORPORATION v. WELSBACH STREET LIGHTING CO. OF AMERICA et al.

### No. 1108.

District Court, D. Delaware.
Oct. 12, 1937.

E. Ennalls Berl (of Ward & Gray), all of Wilmington, Del., and Samuel E. Darby, Jr. (of Darby & Darby), all of New York City, for plaintiff.

Hugh M. Morris and Alexander L. Nichols, both of Wilmington, Del., for defendants.

NIELDS, District Judge.

This is a motion to dismiss a bill of complaint which is based on the Declaratory Judgment Act. Judicial Code § 274d (28 U.S.C.A. § 400).

The grounds assigned are (1) that the bill of complaint does not state facts suf-ficient to constitute a cause of action in this proceeding; (2) no actual controversy exists between the parties; and (3) American Development Company, a defendant, is an indispensable party and has not been served with process nor voluntarily appeared.

In the bill of complaint plaintiff alleges that an actual controversy exists between plaintiff and defendants, in that defendants jointly and severally are representing to purchasers and prospective purchasers of lamps manufactured by plaintiff, and sold or offered for sale, that plaintiff's lamps infringe defendants' patent rights, including five patents specifically identified in the bill; that purchasers of plaintiff's lamps would infringe defendants' patent rights, and would be sued for infringement; that, by reason of such representations, defendants have induced prospective customers who were prepared and willing to purchase plaintiff's product to refrain from doing so. The bill further avers that the lamps made and sold by plaintiff do not embody the inventions of any of defendants' patents including the patents identified in the bill; that defendants' patents, in so far as they are material to the lamps manufactured by plaintiff, are void upon many grounds, including complete anticipation and want of patentable invention. In the bill plaintiff prays for a declaratory judgment adjudging that the patents of defendants and each of them are invalid and that the lamps manufactured and sold or offered for sale by plaintiff do not infringe patent rights of defendants.

The foregoing allegations of the bill of complaint state a cause of action under the Declaratory Judgment Act. Zenie Bros. v. Miskind (D.C.) 10 F.Supp. 779.

Defendants have specifically charged that plaintiff's product infringes defendants' patents and plaintiff alleges that defendants' patents for various reasons are invalid. In such a situation an actual controversy exists between the parties.

The bill of complaint alleges that defendant Welsbach Street Lighting Company of America is the owner of the five patents specifically identified in the bill. This defendant is the indispensable party. Although its manufacturing agent, American Development Company, is not an indispensable party, it may appear on final hearing that it is not improperly joined.

The motion to dismiss must be denied.