**SILVRAY LIGHTING, Inc., v. VERSEN et al.**

District Court, S. D. New York.

Aug. 25, 1938.

Gluck & Breitenfeld, of New York City (William S. Gluck and Morris Hirsch, both of New York City, of counsel), for plaintiff.

Newell & Spencer & Safford, of New York City (Truman S. Safford and H. Dorsey Spencer, both of New York City, of counsel), for defendants.

PATTERSON, District Judge.

The suit is one for declaratory judgment as to validity and infringement of patent. In the bill the plaintiff alleges that the defendant Versen obtained a patent covering an alleged invention in lighting fixtures; that Versen and the other defendants assert that the patent is valid and that articles manufactured and sold by the plaintiff infringe it; that the defendants have been circularizing the trade with such statements and have been threatening the plaintiff's customers with suits for

infringement. The plaintiff further alleges that the Versen patent is void or that in any event the patent has not been infringed. Declaratory judgment as to validity and infringement is asked for.

The motion to dismiss shows that since commencement of this suit for declaratory judgment the defendant Versen has commenced suit in another district against the plaintiff for infringement of patent. The defendants point out that the Versen suit raises the same issues, validity of patent and infringement, in the time-honored way, and that the present plaintiff, if it likes, may interpose counterclaim for declaratory judgment in the infringement suit. But it does not follow that the present suit should be dismissed over the plaintiff's protest. On familiar rules relative to abatement of suits by reason of another action pending, the defendants have no basis for their demand that this suit be dropped. Passing the point that the suit for patent infringement is in another district, we have the fact that this suit for declaratory judgment was commenced first. A subsequent suit may be abated by the pendency of a prior suit, but the converse is not true where both suits are in personam. Renner v. Marshall, 1 Wheat. 215, 4 L.Ed. 74. There is nothing to take this case out of the ordinary rule. Suit for declaratory judgment is of equal dignity to suit for patent infringement. The bill states a good cause of action for declaratory judgment, and I see no merit in the proposition that a suit for declaratory judgment on validity of patent and infringement in an actual controversy may be maintained only until such time as the defendant may see fit to bring an independent suit to enforce his alleged patent rights. The motion to dismiss the suit because of the later suit brought by the defendant Versen for patent infringement will be denied.

The bill should be dismissed, however, as to the defendants other than Versen, for failure to show a case for declaratory judgment against them. For all that is pleaded, they have no interest in the Versen patent. The allegation that they have been co-operating with Versen in threatening the trade with suits for infringement is not enough. The plaintiff's controversy is only with those who claim interests under the patent, in hostility to the plaintiff's claim of right to manufacture and sell competing articles.

The motion to dismiss the suit because of the pendency of a suit for patent infringement will be denied. The motion to dismiss as to all defendants except Versen because of failure to state a cause of action will be granted.