## LEACH v. ROSS HEATER & MFG. CO., INC.

### No. 316.

Circuit Court of Appeals, Second Circuit.

April 24, 1939.

L. HAND, Circuit Judge, dissenting.

John S. Powers, of Buffalo, N. Y., for appellant.

Munn, Anderson & Liddy, of New York City (Orson D. Munn, Thomas O. Perrella, and Daniel H. Kane, all of New York City, of counsel), for appellee.

Before L. HAND, CLARK, and PATTERSON, Circuit Judges.

PATTERSON, Circuit Judge.

The plaintiff brought suit for patent infringement. The defendant put in counterclaim for declaratory judgment that the plaintiff's patents were invalid or that the defendant did not infringe. On motion by the plaintiff the court below dismissed the defendant's counterclaim and the plaintiff's bill of complaint without prejudice, with costs to the defendant. It also denied a later motion by the defendant to vacate the order of dismissal and for leave to amend the counterclaim. The defendant appeals from both orders.

The suit was commenced in March, 1938, and was the usual one for patent infringement, the bill alleging that the plaintiff held patents on oil refining apparatus and that the defendant manufactured, sold and offered to sell infringing apparatus. While the charge of infringement in the bill of complaint was in general terms, the plaintiff gave a bill of particulars that the infringement complained of was the manufacture and sale of a single set of apparatus to a named customer in 1933. The plaintiff then filed interrogatories to elicit information concerning the apparatus sold to the named customer. In response to the interrogatories the defendant said that it had not manufactured, sold or delivered the apparatus in use by that customer, that such manufacture, sale and delivery had been the work of a predecessor company, and that the defendant had never sold any apparatus substantially identical, although it had offered such apparatus for 'sale. In response to an interrogatory concerning the connection between the defendant and the predecessor company, the defendant submitted copy of a written instrument of transfer dated April 20, 1933, whereby the predecessor sold and transferred to the defendant the bulk of its assets and the defendant assumed enum-

erated liabilities of the predecessor. It cannot be determined from the face of the paper whether liability for patent infringement on sale of the apparatus to the customer in question was one of the liabilities assumed by the defendant.

The defendant's answer to the bill, by denials and affirmative defenses, put in issue validity of the patents and infringement. By way of counterclaim the defendant pleaded that its predecessor had been in the business of manufacturing a type of oil refining apparatus and had been sued by the plaintiff in 1928 for infringement of one of the patents sued on in the present case, the suit having been dismissed later for lack of prosecution; that in the present suit the plaintiff charges infringement in respect of apparatus made and sold by the predecessor; that the plaintiff has stated to the purchaser of that apparatus that its use is an infringement; that the plaintiff has told prospective customers of the defendant generally that they will be sued for infringement in case they purchase similar apparatus from the defendant, to the defendant's injury and in interference with its lawful business; that the products made by the defendant and those formerly made by its predecessor do not infringe the plaintiff's patents, that in any event the patents are invalid, and that an actual controversy exists between the parties. The prayer is for declaratory judgment, adjudging that the plaintiff's patents are invalid or that the apparatus sold by the predecessor and offered for sale by the defendant is not an infringement, and also for an injunction restraining the plaintiff from further asserting that his patents have been infringed by the defendant or its predecessor.

The plaintiff moved to dismiss the counterclaim and the bill, giving as a reason that the sole basis for the suit was the manufacture and sale of the one set of apparatus in 1933 and that he had learned from the defendant's answers to interrogatories that the defendant had not manufactured or sold the apparatus in question. The defendant resisted dismissal. The motion was argued in August, 1938, before the effective date of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, but was not decided until October, 1938. The court held that decision of the motion was controlled by the former procedure in equity. It granted the motion and dismissed both the counterclaim and the bill. It later denied a motion by the defendant to vacate the order of dismissal and to amend the counterclaim.

■■ We are of opinion that the motion to dismiss was governed by the practice in equity prevailing when the motion was argued and submitted for decision. Rule 86 of the present rules provides:

*"Effective Date.* These rules will take effect on the day which is 3 months subsequent to the adjournment of the second regular session of the 75th Congress, but if that day is prior to September 1, 1938, then these rules will take effect on September 1, 1938. They govern all proceedings in actions brought after they take effect and also all further proceedings in actions then pending, except to the extent that in the opinion of the court their application in a particular action pending when the rules take effect would not be feasible or would work injustice, in which event the former procedure applies."

The effective date for the new rules was September 16, 1938. As to actions pending when the rules took effect, only "further proceedings" in an action are governed by the new rules. The motion to dismiss, a motion made, argued and submitted for decision in August, 1938, was a past proceeding on September 16, 1938, not a further proceeding. See Weber v. Hartzell, 8 Cir., 230 F. 965; Lyon v. Pennsylvania R. Co., 119 Misc. 380, 196 N.Y.S. 562. Moreover, it appears from the opinion of the court below, and neither party now questions the fact, that court and counsel had the understanding at argument of the motion that decision would be under the practice then prevalent. The procedural rules governing the motion should not in face of the understanding be changed by the delay of the court in deciding the motion.

■ Under the former practice in equity a plaintiff willing to pay costs had a right to withdraw his suit without prejudice at any time before final hearing, unless the defendant could point to some prejudice over and above the mere vexation of possibly being sued again. Ex parte Skinner & Eddy Corporation, 265 U.S. 86, 44 S.Ct. 446, 68 L.Ed. 912; Jones v. Securities & Exchange Commission, 298 U.S. 1, 56 S. Ct. 654, 80 L.Ed. 1015. The right might be limited by local rules of court, Bronx

Brass Foundry v. Irving Trust Co., 297 U.S. 230, 56 S.Ct. 451, 80 L.Ed. 657, but there was no rule on the point in the Western District of New York. The right to discontinue at will did not extend to a case where the defendant had put in a valid counterclaim prior to the attempted withdrawal. Pullman's Car Co. v. Central Transportation Co., 171 U.S. 138, 18 S.Ct. 808, 43 L.Ed. 108; City of Detroit v. Detroit City Ry. Co., C.C., 55 F. 569; Automotive Products Corporation v. Wolverine Co., 6 Cir., 15 F.2d 745. We may pass the point whether the defendant's answer in this case showed prejudice beyond the ordinary vexation of a later suit, A. C. Gilbert Co. v. United Electrical Mfg. Co., D.C., 33 F.2d 760, because we are of opinion that the counterclaim was a sound one and that the district court erred in dismissing it.

The facts set forth in the counterclaim, if pleaded in a complaint in a suit brought independently and prior to a suit for infringement, would state a case for relief by declaratory judgment. Where a patentee notifies the trade that a competitor is infringing, the competitor may bring an action under the Act of June 14, 1934, 28 U.S.C. § 400, 28 U.S.C.A. § 400, to have his rights and those of the patentee in respect of the claimed infringement declared. Sometimes that is the only remedy he has to correct a condition in the trade that is causing him a great deal of damage. Edelmann & Co. v. Triple-A Specialty Co., 7 Cir., 88 F.2d 852; Zenie v. Miskend, D.C., 10 F.Supp. 779; Duro Test Corporation v. Welsbach Street Lighting Co. of America, D.C., 21 F.Supp. 260; Derman v. Gersten, D.C., 22 F.Supp. 877; Silvray Lighting, Inc. v. Versen, D.C., 25 F.Supp. 223. See, also, 45 Yale L.J. 160. In the present case, while the recital of facts concerning a controversy between the patentee and a predecessor of the pleader, without adequate showing that the pleader is in some way responsible for the conduct of the predecessor, does not make out an actual controversy between the parties and so does not state a case for declaratory judgment, the pleader also avers that the patentee is threatening prospective customers generally with liability for infringement in case they purchase the pleader's products. This suffices to show an actual controversy between the parties and a need for present relief. We have no doubt that the facts pleaded by the defend-

ant would have constituted a case or cause of action for relief by declaratory judgment if the defendant had anticipated the patentee in commencing suit.

Is the defendant's case for declaratory judgment worse because presented in a counterclaim, his adversary having already brought suit for infringement? The district courts have generally sanctioned such a counterclaim in suits for patent infringement. Link-Belt Co. v. Dorr Co., D.C., 15 F.Supp. 663; Meinecke v. Eagle Druggists Supply Co., D.C., 19 F.Supp. 523; Dewey & Almy Chemical Co. v. Johnson, Drake & Piper, Inc., D.C., 25 F.Supp. 1021. See, also, 50 Harv.L.Rev. 357. We think that these decisions are sound. The counterclaim falls within former Equity Rule 30, 28 U.S.C.A. § 723, as a claim for relief arising out of the transaction or maintainable in equity. The need for declaratory judgment is diminished, it is true, by the fact that the patentee has commenced his suit, but the need cannot be said to have wholly disappeared; the patentee may, for all that the defendant knows, withdraw his suit without prejudice and continue broadcasting assertions of infringement. The commencement of suit by the patentee does not necessarily mean that the controversy between him and the defendant is about to be determined on the merits. The situation here is in effect the same as where suit is brought to enforce an instrument and the defendant in addition to a defense on the merits pleads the same facts as a counterclaim for cancellation, Bay v. Shrader, 50 Miss. 326; Scott v. Menasha, 84 Wis. 73, 54 N.W. 263, or where suit is brought to establish title to real estate and the defendant counterclaims to remove cloud on title, Welles v. Rhodes, 59 Conn. 498, 22 A. 286; Greenwalt v. Duncan, C.C., 15 F. 35; Remer v. McKay, C.C., 38 F. 164. There are practical considerations that point in the same direction. It is not disputed that if the counterclaim is dismissed and the plaintiff permitted to withdraw his suit, as ordered below, the defendant may promptly sue the plaintiff for declaratory judgment on the same facts as those shown in the counterclaim. We see nothing useful in forcing the defendant thus to waste time and seek out the plaintiff in a distant jurisdiction. While it may turn out at trial that a decision on the merits of the plaintiff's bill will dispose of the controversy between the parties completely and render declara-

tory judgment unnecessary, in which case the counterclaim may be dismissed, we are of opinion that it was error to strike out the counterclaim at so early a stage.

In Meeker v. Baxter, 2 Cir., 83 F.2d 183, relied on by the plaintiff, the suit was to recover assessment against stockholders of a failed bank. The defendants counterclaimed for discovery and inspection of the bank's books and also for declaratory judgment that they had the right to inspect the books. The demand for declaratory judgment added nothing to the prayer for discovery; it was nothing but a flourish. The Meeker case has no bearing on the point presented here.

The counterclaim was a permissible one under the former equity practice and should not have been dismissed on the plaintiff's motion. While we place our decision on the former practice, we are not to be taken as suggesting that the result would be the other way under the new rules. The order dismissing the counterclaim and the bill of complaint will be reversed. In view of this result no review of the other order appealed from is required.

Reversed.

CLARK, Circuit Judge (concurring).

I agree that a reversal of the order below is necessary, because defendant in its answer sufficiently alleged a good counterclaim to prevent dismissal of the action by the plaintiff. But I think a like result should be reached by the application of the new federal rules of civil procedure. Under Rule 41 (a), 28 U.S.C.A. following section 723c, the plaintiff's right to withdraw terminates upon the filing of an answer, and any order of dismissal then made by the court shall be "upon such terms and conditions as the court deems proper." The court did not act under this rule. Had it done so it should clearly have limited or denied the right of dismissal upon the appearance of such substantial opposition as was disclosed here. Indeed, this is the course suggested in a similar case by District Judge Hincks.

The Stanley Works and Andre Gueneau v. The C. S. Mersick &. Co.,* D.C.Conn., Feb. 15, 1939, Department of Justice, Decisions on Federal Rules of Civil Procedure, Bulletin No. 18, Feb. 27, 1939.[1]

In this case the district judge, when he made his order in October, 1938, might properly have decided the motion under the new rules, even though it was argued shortly before they became effective. The whole purpose and intent of Rule 86 is that the rules should be applied wherever possible and except where to do so "would not be feasible or would work injustice." The application of this salutary rule of dismissal, similar to that in force for some time in the Southern District of New York (Bronx Brass Foundry v. Irving Trust Co., 297 U.S. 230, 56 S.Ct. 451, 80 L.Ed. 657), was certainly feasible and would work justice here, rather than injustice. The reference by the judge in his opinion to an "understanding" that decision would be under the former practice does not seem adequate ground to justify a refusal to apply the new rules. Courts well should be hesitant in approving of stipulations to apply earlier and more technical rules of procedure in place of the newer system. The construction and effect of such stipulations may well be reserved for future consideration, but it would seem that in any event nothing short of an express agreement by counsel approved by the court should be given effect and that a mere statement of the court's intention or of some indefinite understanding to that effect should be held insufficient. Moreover, after the decision granting the motion to dismiss the counterclaim and well after the new rules became effective, the defendant moved to vacate the order of dismissal and for leave to amend its counterclaim by making various additions to it, perfecting its allegation of a valid claim. Decision of that motion should surely have been made pursuant to the new rules, with the result that the motion should have been granted.

Hence I prefer to rest my conclusion not only on the grounds stated by Judge

---

* ED. NOTE: No opinion for publication.

[1] Judge Hincks also held that "under this salutary rule a counterclaim which serves but to restate the controversy initiated by the complaint is wholly redundant and should be stricken." In a case where the counterclaim is wholly redundant the course of striking it is not out of place, but it would seem often, if not usually, desirable to defer a ruling until the trial [see Rule 12 (b), (c), and (d)], when it can be more clearly seen whether affirmative relief is needed by a defendant.

PATTERSON, but also on the provisions of Rule 41 (a) (2) as applied to this case. A judgment of reversal, however supported, is adequate in any event to pave the way for a proper disposition of the controversy in the District Court.

L. HAND, Circuit Judge (dissenting).

An action under the declaratory judgment statute, section 400, Title 28, U.S. Code, 28 U.S.C.A. § 400, not only presupposes an "actual controversy", but that the plaintiff needs its protection: the last follows from the juristic principle of procedural economy. No such action is necessary when the issues have once been joined in the main action, the judgment in which will settle the "controversy", or will decide that there is none. That is what we decided in Meeker v. Baxter, 2 Cir., 82 F.2d 183. Nor can the counterclaim at bar be considered as more than for a declaratory judgment, though it does ask an injunction against threatening the defendant's customers. Such threats give rise to a cause of action only in case the party who makes them refuses to test his right in court. The pendency of the main action was already such a test when the counterclaim was filed.

Quite another reason has at times been given to sustain the practice: it was said that in this way the plaintiff could be prevented from discontinuing the main action. There are, however, insuperable difficulties in such a theory. When the counterclaim is interposed, the action is of course pending, and while it pends, there is no reason for a declaratory action, any more than for a bill quia timet, while an action of ejectment is pending. It becomes a valid action under the statute only after the main action has been discontinued; that is, it can never be a counterclaim. There is no hardship in this, for it will lie at once upon the discontinuance, assuming any "actual controversy" still remains. Besides, it is improper in any event to pervert an action, devised for another purpose, in order to get rid of a privilege one does not like. I share that dislike too; there was nothing to be said for the privilege, and it has now happily disappeared with Rule 41(a) (2), 28 U.S.C.A. following section 723c. Nevertheless, the point still has an importance, because it misconceives the nature of a useful remedy. I think that the district court was right.