## SCRUGGS v. CASCO CORPORATION
### No. 225.

District Court, D. Connecticut.

April 16, 1940.

Leon Edelson, of Philadelphia, Pa., and Rockwell & Bartholow, of New Haven, Conn., for plaintiff.

George F. Smyth and James T. Kline, both of Bridgeport, Conn., for defendant.

HINCKS, District Judge.

This is a civil action brought for the infringement of U. S. Patent No. 1,941,583 issued to the plaintiff. The defendant in its answer raises the usual issues of invalidity and non-infringement, and then appends a counterclaim seeking a judgment declaring that the plaintiff's patent is invalid and not infringed. The counterclaim contends an allegation "that plaintiff has notified defendant" of the patent in suit "and has made claim and charges to defendant that the" defendant's apparatus infringes.

The matter is now before the court upon the plaintiff's motion to strike the counterclaim.

The defendant cites Leach v. Ross Heater & Mfg. Co., 2 Cir., 104 F.2d 88, 91, in support of the propriety of the counterclaim. In that case Judge Patterson said, "Where a patentee notifies the trade that a competitor is infringing, the competitor may bring an action" for a declaratory judgment. Judge Patterson cites authority as follows: Edelmann & Co. v. Triple-A Specialty Co., 7 Cir., 88 F.2d 852; Zenie Bros. v. Miškend, D.C., 10 F.Supp. 779; Duro Test Corporation v. Welsbach Street Lighting Co. of America, D.C., 21 F.Supp. 260; Derman v. Gersten, D.C., 22 F.Supp. 877; Silvray Lighting, Inc., v. Versen, D. C., 25 F.Supp. 223. See, also, 45 Yale L. J. 160.

It will be noted that not only in the Leach case but also in all the authorities therein cited, the propriety of the action for a declaratory judgment is supported by the fact that the patentee was injuring the plaintiff seeking the declaratory judgment by circularizing charges of infringement amongst the plaintiff's customers.

The counterclaim here contains no allegation of such activity. The defendant (plaintiff in the counterclaim) alleges merely that the plaintiff herein has notified the defendant of his claim of infringement. Thus the controversy framed by the counterclaim of the defendant is precisely that set forth in the plaintiff's complaint, unexpanded to include as an additional element allegations of public charges made by the patentee alleging infringement by the defendant.

Such a counterclaim cannot be justified as a necessary means to protect the defendant against a withdrawal without prejudice on the part of the plaintiff. For under Rule 41(a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the defendant is protected against a capricious withdrawal; in a proper case the court might grant a plaintiff's motion to withdraw only upon condition that the withdrawal should be with prejudice as respects all named defendants. I can

conceive of no other justification for the counterclaim, and must view it as a wholly redundant flourish appended to the answer. Cf. Leach v. Ross Heater, supra.

Plaintiff's motion to strike should therefore be granted, and it is so ordered.