**DERMAN et al. v. GERSTEN et al.**

**No. 8446.**

District Court, E. D. New York.

March 9, 1938.

Bernard G. Nemeroff, of New York City (Briesen & Schrenk, of New York City, of counsel), for plaintiffs.

M. Daniel Nissenbaum, of New York City, for defendants Gersten.

Harold Pomerantz, of New York City, for defendant Salmanson & Co., Inc.

MOSCOWITZ, District Judge.

These are two motions, one made by the defendants Gersten and the other by the remaining defendant Salmanson & Co., Inc., to dismiss the complaint. The action is brought under section 274d of the Judicial Code, as amended, 28 U.S.C.A. § 400, for a declaratory judgment.

The complaint alleges that the action is based upon an actual controversy between the plaintiffs and the defendants as to the alleged infringement by the plaintiffs of pat-

ent No. 2,104,321, to the title, interest, and property of which the defendants have an exclusive license.

Both the plaintiffs and the defendants are residents of the State of New York. There is therefore no diversity of citizenship.

The complaint further alleges that the plaintiff corporation is engaged in the business of manufacturing and selling closets and containers in this district; that the defendants Gersten are engaged in the business of manufacturing and selling closets and containers in the State of New York; and that the defendant Salmanson & Co. Inc., is a distributing agent and representative for said Gersten Bros.

The complaint further alleges that the plaintiff Decorative Cabinet Corporation manufactured and sold and intends to manufacture and sell certain types of closets and containers of a collapsible nature with a flexible sliding door and that these closets and containers, manufactured and sold by the Decorative Cabinet Corporation were and are made in conformity with an invention solely conceived and originally devised by the plaintiff Harry Derman, upon which patents No. 1,933,099 and No. 2,009,482 had been issued by the United States Patent Office to the said Derman and that a further application for a patent has been made and is now pending.

Plaintiff seeks a declaratory judgment that said closets and containers manufactured and sold and intended to be manufactured and sold by the plaintiff corporation do not violate or infringe upon patent No. 2,104,321.

The complaint further alleges that the closets and containers to which reference has been made have been manufactured by the plaintiff corporation in large and constantly increasing quantities; that vast sums have been expended on raw materials and equipment necessary for the manufacture of these closets and containers, and preparations have been made for a vast nation-wide advertising campaign incidental to the marketing of these closets and containers.

The complaint further alleges:

"Thirteenth: That prior to the granting of said patent number 2104321 and subsequent thereto, the defendant licensee Gersten Bros. and the defendant, Salmanson & Co., Inc., acting as agents and representatives of said Gersten Bros., have asserted

878

and claimed that the aforesaid closets and containers made by plaintiff are an infringement of said Letters Patent number 2104321.

"Fourteenth: That at all the times mentioned in the complaint, the defendants knew the valid claims to said patent were specifically limited and in no way embodied the designs or inventions contained in the aforementioned closets and containers manufactured and sold, as aforesaid, by the plaintiff and invented as aforesaid by plaintiff, Harry Derman.

"Fifteenth: That the defendants, knowing that said Letters Patent were specifically limited as aforesaid, and with intent to deceive and defraud the public and to injure the plaintiff corporation, its business, good will and reputation, maliciously and falsely, by letter and other means, advised plaintiff's customers and the general trade that the closets and containers manufactured as aforesaid by the plaintiff, Decorative Cabinet Corporation, had infringed and were infringing said Letters Patent number 2104321.

"Sixteenth: That the defendants, Gersten Bros. and Salmanson & Co. Inc., are engaged competitively with the plaintiff in marketing and selling said closets and containers made in accordance with said Letters Patent number 2104321.

"Seventeenth: That as a result of the statements and publications made as aforesaid to the plaintiff's customers and the general trade, the defendants, Gersten Bros. and Salmanson & Co. Inc., have caused the plaintiffs great and irreparable damage, and harm; that the defendants are threatening to continue and increase such representations, statements and publications; that by said wrongful representations, statements and publications, defendants aforesaid have wrongfully converted to themselves trade and profit which the plaintiffs would otherwise have received and enjoyed, as to the amount of which plaintiffs are uninformed and pray discovery; that the defendants by said acts have caused and induced cancellations of orders, advertising arrangements and other agreements between plaintiff, Decorative Cabinet Corporation, and its customers and the defendants are and will, if they are allowed to continue such representations, statements and publications, further irreparably damage and injure the plaintiffs, depreciate and destroy the business and trade of plaintiff Decorative Cabinet Corporation and the profits and royalties of plaintiff Harry Derman.

"Eighteenth: That the plaintiffs are informed and believe and therefore aver, that the said defendants are prepared and ready to continue the aforesaid unlawful conduct and have declared their intention of so doing; and unless they are restrained from so doing, plaintiffs will suffer irreparable damage and injury from such unlawful acts, for the loss of which there is no adequate remedy at law."

These quoted portions of the complaint in effect allege that prior to and subsequent to the granting of the patent No. 2,104,321 the defendants have asserted that the closets and containers made by the plaintiff infringe the patent No. 2,104,321 and that these claims were asserted by the defendants with knowledge that the plaintiff's closets and containers did not infringe this patent, and that with intent to deceive and defraud the public and to injure the plaintiff corporation, its business, good will, and reputation, the defendants maliciously and falsely by letter and other means, advised plaintiff's customers and the trade generally that plaintiff corporation's closets and containers had infringed and were infringing this patent; that the statements and publications made by the defendants have damaged the plaintiffs and that the defendants are threatening to continue and increase such representations, statements and publications; and that by reason of the wrongful representations defendants have converted trade and profit which belong to the plaintiff and that by their acts and conduct the defendants have caused and induced cancellations of orders, agreements, and advertising arrangements between plaintiff corporation and its customers and that irreparable damage will follow if defendants are allowed to continue these representations; that the defendants are prepared and ready to continue their representations, statements, and publications, and unless they are restrained from so doing plaintiffs will suffer irreparable injury.

The defendants move to dismiss upon the following grounds:

"1. That there never has been, nor is there any, actual controversy between this defendant, Salmanson & Co., Inc., and the plaintiffs in respect to the patent referred to in the bill of complaint or within the meaning of the provisions of the Revised Statutes of the United States, more particularly section 274d of the Judicial Code, and that there is no federal question or jurisdiction involved in this suit.

"2. That this Court is without jurisdiction in respect to this action in that all the parties to the above entitled action are citizens and residents of the City and State of New York.

"3. That the plaintiffs' remedy for relief, if any, in respect to any alleged unfair competition should be sought in the State Courts of the State of New York, which Courts have full jurisdiction and authority over any alleged unfair competition between this defendant and the plaintiffs herein."

Narrowed down there is but one issue as is stated in defendants' reply memorandum: "Do the allegations that the defendants claimed an infringement and threatened suit thereon, present an actual controversy under the Patent Law so as to give this Court jurisdiction of the entire controversy under the Declaratory Judgment Act?"

It is the defendants' contention that there can be no controversy when the sole issue is that of infringement of the patent.

Section 274d of the Judicial Code, as amended, 28 U.S.C.A. § 400, dealing with declaratory judgments provides as follows:

"(1) In cases of actual controversy except with respect to Federal taxes the courts of the United States shall have power upon petition, declaration, complaint, or other appropriate pleadings to declare rights and other legal relations of any interested party petitioning for such declaration, whether or not further relief is or could be prayed, and such declaration shall have the force and effect of a final judgment or decree and be reviewable as such.

"(2) Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. The application shall be by petition to a court having jurisdiction to grant the relief. If the application be deemed sufficient, the court shall, on reasonable notice, require any adverse party, whose rights have been adjudicated by the declaration, to show cause why further relief should not be granted forthwith.

"(3) When a declaration of right or the granting of further relief based thereon shall involve the determination of issues of fact triable by a jury, such issues may be submitted to a jury in the form of interrogatories, with proper instructions by the court, whether a general verdict be required or not."

The purpose of this law is to avoid a multiplicity of suits and to bring about a speedy and just determination of legal controversies. It would seem that section 274d of the Judicial Code was intended to meet the situation here present.

Plaintiff corporation has invested considerable sums of money in the manufacture of closets and containers and intends to invest further sums. Both the plaintiff corporation and its customers are advised by the defendants that plaintiff's manufacture and sale of these closets and containers violate defendants' patent. Plaintiff corporation therefore is in the position of proceeding at its peril in the manufacture and sale of these articles and the plaintiff corporation's customers are likewise in the same position as plaintiff corporation, that is, if they sell these articles manufactured by plaintiff corporation they will be sued for the infringement of the patent.

To construe section 274d of the Judicial Code, as is argued by the defendants, that the court has no jurisdiction where the question of infringement only exists in the case would be a step backward. To hold that there is jurisdiction would avoid a multiplicity of suits and prevent irreparable injury to the plaintiff and to the plaintiff's customers. I prefer to place a liberal rather than a narrow interpretation upon section 274d of the Judicial Code, as a liberal interpretation will promote justice, whereas a narrow interpretation will multiply law suits and not only damage the plaintiff but its innocent customers. The trend of the courts is indicated in the opinion of Judge Patterson in the case of Mitchell & Weber, Inc., v. Williamsbridge Mills, Inc., D.C., 14 F. Supp. 954, at page 956 in interpreting the Hurn v. Oursler Case, 289 U.S. 238, 53 S. Ct. 586, 77 L.Ed. 1148, wherein he stated: "The rule was laid down that where two distinct grounds in support of a single cause of action are alleged in a bill, one of which presents a federal question substantial in character, the other being nonfederal, the District Court may retain the entire suit and decide all questions raised in it." And he further stated: "On the facts shown, its right to conduct a lawful business is being seriously impaired by unjustifiable conduct of the defendants, the procurement of void patents and threats of patent suits against its customers. If the defendants' argument is sound, the plaintiff would bring suit in this court simply to have the patents declared void. At the conclusion of that suit

880

the plaintiff might get the desired declaration of invalidity. Armed with that declaration the plaintiff might then go to the state court and commence suit there for unfair competition. Not until then would the plaintiff be in a position to get relief capable of enforcement. To compel a person with a just grievance to chase from court to court and to delay relief for years would be a reproach to the law. Suit for unfair competition in the state court in the first instance would be hazardous. The validity of the patents could not be tried there."

See, also, the case of E. Edelmann & Co. v. Triple-A Specialty Co., 7 Cir., 88 F.2d 852, at page 854, wherein the Court decided:

"Appellant urges, however, that the prayer for damages because of circulation of charges of infringement among dealers and potential customers, stamps appellee's suit as one to enforce a common-law remedy, namely, recovery of damages for unfair competition. If this were the only end sought and the jurisdiction of the court invoked to secure only that relief, the contention would necessarily prevail. But appellee relies upon two remedies: First, the determination of whether the patent is valid and infringed; and, second, if either of these questions is answered in the negative, whether it is also entitled to damages for violation of its common-law rights arising out of the same facts, plus the additional fact that appellant has wrongfully circulated, among the trade, false charges of infringement. The relief sought upon the second branch is upon a footing entirely apart from that prayed upon the first. Appellee included, as a basis for one sort of relief, facts pertinent only under the patent laws of the United States, over cases arising under which the federal courts have exclusive jurisdiction. It included also a prayer for another sort of relief of which any state court might have jurisdiction, and which the federal court, in the absence of other basis for jurisdiction, might not entertain except in case of diversity of citizenship.

"In Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148, the plaintiff charged that an act of the defendant constituted both infringement of a copyright and unfair competition. The District Court dismissed the bill, so far as relief under the copyright laws was concerned, thus disposing of that branch of the case upon the merits. It then proceeded to dismiss the case, so far as it involved unfair competi-

tion, for want of jurisdiction; there being no diversity of citizenship. The Supreme Court reversed this decree, holding that the trial court, having acquired jurisdiction under the copyright laws took jurisdiction of the remainder of the controversy. Here appellee might have sought relief from unfair competition in the state court, but it could not there obtain relief declaring the patent invalid or not infringed. Under Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148, the court was endowed with jurisdiction also to determine the issues as to fair competition."

The question presented by the defendants whether the court has jurisdiction under section 274d of the Judicial Code, where the complaint alleges that the defendants claim an infringement of a patent and threatens suit thereon, is answered in the affirmative, and therefore the motion to dismiss is denied.

Settle order on notice.