**U. S. INDUSTRIAL CHEMICALS, Inc., v. CARBIDE & CARBON CHEMICALS CORPORATION.**

District Court, S. D. New York.

April 6, 1943.

Pennie, Davis, Marvin & Edmonds, of New York City (Dean S. Edmonds, and John Hoxie, both of New York City, of counsel), for plaintiff.

Watson, Bristol, Johnson & Leavenworth, of New York City (H. Watson, and C. P. Bauer, both of New York City, of counsel), for defendant.

GODDARD, District Judge.

The defendant has moved for summary judgment on the grounds that the complaint fails to state a valid claim for relief by declaratory judgment, or, in the alternative, for a stay of this action until the determination of a subsequent action for similar relief brought by the present defendant against this plaintiff in the United States District Court in Maryland.

The present action is brought pursuant to Section 274d of the Judicial Code, Title 28 U.S.C.A. § 400, for a declaratory judgment that Reissue Patent No. 22,241, owned by the defendant, is invalid and is not infringed by plaintiff's process for the production of ethylene oxide.

Plaintiff is a Delaware corporation. Defendant is a New York corporation. Both have their main offices in New York.

The Reissue Patent was granted on December 29, 1942 as a reissue of an earlier Reissue Patent No. 20,370 granted May 18, 1937. The original patent was No. 1,998,878 granted April 23, 1935. On Janu-

346

ary 25, 1943 the defendant's attorneys wrote to plaintiff's attorneys. The letter called attention to the issuance of the Letters Patent, notified the plaintiff that any present or future making of ethylene oxide as theretofore practiced would be considered an infringement, to be proceeded against by suit for injunction and accounting if not promptly stopped, and concluded with—"Accordingly will you please advise us whether your client is now conducting such operations." There was no answer to this letter but the present complaint was filed in this court on February 25, 1943. The complaint alleges the Letters Patent, that the defendant has notified the plaintiff that the use of the process by the plaintiff subsequent to December 29, 1942, will constitute infringement, that the plaintiff has used said process since that named date and desires to do so extensively in the future, that the plaintiff has "contended and asserted and now contends and asserts" that the said Reissue Letters Patent are void, that therefore the practice of the process is not an infringement, and prays for relief.

On March 6, 1943 the defendant instituted an action against this plaintiff in the United States District Court of Maryland, and the relief sought there was, as here, a declaratory judgment.

 It is clear that the basis of the defendant's motion for summary judgment is nothing more substantial than that the present suit does not involve a "case or controversy" and therefore is not justiciable under the statute. The defendant's letter of January 25, 1943 was definite in its description of the patent and the particular process which defendant would deem an infringement, and the letter left no doubt that the defendant intended to seek equitable relief if such process, if any, was not "promptly stopped". The plaintiff ignored that communication, not only by refusing to answer it but by continuing to use the process which the defendant claims is protected by its Reissue Letters Patent. Although the plaintiff has not "contended and asserted" to the defendant in words that the Reissue Letters Patent are invalid, its actions are the best indication that it strongly opposes the defendant's claim. Under the circumstances it cannot be doubted that there is a "case or controversy" embraced by the complaint, and that it is in no sense a hypothetical dispute of which the plaintiff complains. Aetna

Life Insurance Company v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000. Cf. Zenie Bros. v. Miskend et al., D.C., 10 F.Supp. 779; Lances et al. v. Letz, 2 Cir., 115 F.2d 916; Creamery Package Mfg. Co. v. Cherry-Burrell Corporation et al., 3 Cir., 115 F.2d 980.

The subsequently brought Maryland action likewise offers no basis for staying or dismissing this action. This court has jurisdiction and no facts have been presented sufficient to induce it to exercise its discretion in the manner requested. Silvray Lighting, Inc., v. Versen et al., D.C., 25 F.Supp. 223. On the contrary, it does not appear that this forum will be a less convenient one for the parties, and it does not seem that the litigation will be an improper burden upon this court.

Motions denied. Settle order on notice.