ADORJAN NEWMAN & CO., Inc. v. RICHE-
LIEU CORPORATION et al.

Civ. 46–512.

United States District Court
S. D. New York.

Sept. 14, 1948.

M. Daniel Nissenbaum, of New York City, for plaintiff.

Mock & Blum, of New York City (Asher Blum and Orville N. Greene, both of New York City, of counsel), for defendants.

KAUFMAN, District Judge.

Motion by defendants to dismiss the complaint and for summary judgment in an action brought for a declaratory judgment that certain patents are void and were not infringed by plaintiff.

Both branches of the motion are based on the claim that defendants never gave plaintiff notice of infringement, and consequently, that there is no "actual controversy" between the parties within the meaning of the Declaratory Judgment statute, 28 U.S.C.A. § 2201.

Defendants contend that such notice as was given by defendant, The Richelieu Corporation, was given to Novel Products Company and not to plaintiff, and that the notice given by defendant Joseph H. Meyer Bros. was addressed to the trade generally, in the form of announcements in the trade paper "Women's Wear".

The provision for notice of infringement, on which defendants rely, provides for the manner in which patentees, their assigns and legal representatives, and all persons making or vending any patented article for or under them, shall mark such article so as to give notice to the public that the same is patented, and continues, "and in any suit for infringement by the party failing so to mark, no damages shall be recovered by the plaintiff, except on proof that the defendant was duly notified of the infringement and continued, after such notice, to make, use, or vend the article so patented." 35 U.S.C.A. § 49.

This suit is not brought by a patentee, its assigns or legal representatives or by any person making or vending a patented article for or under them; it is not a suit for infringement by a party failing to mark as required by the statute, or for the recovery of damages by such a party. Hence, the

section referred to is inapplicable here. F. E. Myers & Bros. Co. v. Goulds Pumps, Inc., D.C., 5 F.R.D. 132.

■ Moreover, even if the section were applicable, the notice given would comply with it.

According to the complaint and the affidavits, the patents involved are owned by the defendant The Richelieu Corporation, and defendant Joseph H. Meyer Bros. is a licensee thereunder.

Prior to the commencement of this action, there were conferences between Messrs. Orville N. Greene and Max Meyer on the one hand, and Messrs. Louis Danenberg and Oscar Stabiner on the other. In these conferences Messrs. Greene and Meyer spoke on behalf of defendants and gave notice that they claimed that the patents referred to in the complaint were being infringed by the manufacture of certain beads. In giving that notice, Messrs. Greene and Meyer were addressing Mr. Danenberg, not particularly as the representative of Novel Products Co., but as the representative of whichever of the companies controlled by him was making the product complained of, even though the affiliate (plaintiff herein) was not mentioned or identified by name. The same is true of letters sent by Richelieu to Novel Products Co. and Danenberg jointly, and to Novel Products Co., "Attention: Mr. Danenberg". In these letters the patents were identified and asserted to be owned by Richelieu, and reference was made to suits which had already been instituted by Richelieu against other alleged infringers. Notice was given in these letters that the patent rights would be protected "whenever infringers are found".

When the charge of infringement was made, Danenberg denied it. He was then advised that the patents would be vigorously enforced, and he countered by inviting a suit to test the question of infringement. No such suit was commenced, but instead two public notices appeared in the trade paper "Women's Wear". In one of them Joseph H. Meyer Bros. asserted that the patents had been issued to it; in the other, Joseph H. Meyer Bros. and two other concerns gave notice that they were the "exclusive manufacturers and distributors" under the patents. In both, notice was given that any infringers would be vigorously prosecuted. As a result of these notices plaintiff's business in said merchandise has stopped.

The positions taken by the respective parties in the negotiations above referred to, and the notices contained in the advertisements, establish the existence of an actual controversy among the parties, and even if notice to plaintiff of alleged infringement were required to enable it to maintain a suit of this character, that such notice was given. Aralac, Inc. v. Hat Corporation of America, 3 Cir., 166 F.2d 286; Dewey & Almy Chemical Co. v. American Anode, Inc., 3 Cir., 137 F.2d 68, certiorari denied 320 U.S. 761, 64 S.Ct. 70, 88 L.Ed. 454; Treemond Co. v. Schering Corporation, 3 Cir., 122 F.2d 702; Leach v. Ross Heater & Manufacturing Co., 2 Cir., 104 F. 2d 88; Derman v. Gersten, D.C., 22 F. Supp. 877; B. F. Goodrich Co. et al. v. American Lakes Paper Co., D.C., 23 F. Supp. 682; United States Industrial Chemicals, Inc. v. Carbide & Carbon Chemicals Corporation, D.C., 49 F.Supp. 345.

■ Since a controversy under the patent laws of the United States is presented, this court has jurisdiction to determine the cause, even though plaintiff in addition alleges that the acts complained of also resulted in unfair competition. Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L. Ed. 1148; E. Edelmann & Co. v. Triple-A Specialty Co., 7 Cir., 88 F.2d 852; Mitchell & Weber v. Williamsbridge Mills, D.C., 14 F.Supp. 954; Derman v. Gersten, D.C., 22 F.Supp. 877.

The motion to dismiss the complaint and for summary judgment is denied.